424 A.2d 1328

**Timothy E. AUGUST, Appellant,**

v.

**George W. STASAK, Ruth Mary Stasak and John M. Stasak.**

**David C. BELZNER, Appellant,**

v.

**John M. STASAK.**

Supreme Court of Pennsylvania.

Argued Oct. 21, 1980.

Decided Feb. 5, 1981.

552

Paul C. Hensel, Bethlehem, for Timothy E. August.

Robertson B. Taylor, Bethlehem, for David C. Belzner.

Thomas F. Traud, Jr., Allentown, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION

LARSEN, Justice.

This case involves an insurance policy provision which requires the insured to promptly notify the insurance company in the event of an accident or loss.[1] At one time such provisions were strictly enforced in our Commonwealth, and late notice would release the insurance company from its contractual duties, even where the late notice did not harm the insurance company in any way. *See Meierdierck v.*

---

1. The insurance policy in this case provides:
   NOTICE
   In the event of an accident, occurrence or loss, written notice containing particulars sufficient to identify the Insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the Insured to the Company or any of its authorized agents as soon as practicable...
   If claim is made or suit is brought against the Insured, he shall immediately forward to the Company every demand, notice, summons or other process received by him or his representative ...
   ACTION AGAINST THE COMPANY—...
   No action shall lie against the Company unless, as a condition precedent thereto, the Insured shall have fully complied with all the terms of this policy ...

*Miller*, 394 Pa. 484, 147 A.2d 406 (1959). However, we rejected the strict enforcement approach in *Brakeman v. Potomac Insurance Co.*, 472 Pa. 66, 371 A.2d 193 (1977), holding that late notice would release the insurance company only where the late notice was prejudicial. Whether the new law should be applied retroactively to cases pending on appeal when this Court decided *Brakeman* is the issue in this case.

The accident in question occurred on November 22, 1973. John Stasak was the driver of a car which struck a telephone pole, injuring Timothy E. August and David C. Belzner (appellants) who were passengers in the car. John Stasak and his parents (appellees) did not inform their insurance company of the accident until seven months later on June 25, 1974. Appellant August had already sued the appellees; appellant Belzner sued soon thereafter. The insurance company investigated the claim but refused to defend or indemnify the appellees, asserting that the required prompt notice was not given. Appellees retained their own counsel to defend the suit of appellant August, but on May 28, 1975 August recovered a verdict of $12,150.26. Appellant Belzner obtained a default judgment on August 4, 1975, and a verdict was rendered in the amount of $4,120.00. These trials both occurred well after the insurance company had notice of the accident.

In order to satisfy their judgments, appellants instituted attachment proceedings against appellees' insurance company in 1975. At trial, the court expressly found that the insurance company was not prejudiced by the late notice because the company had access to all the witnesses, the police accident report, and appellee's personal defense counsel's files. Furthermore, adequate time to prepare for trial remained even after late notice. However, the court denied relief, holding that the insurance company's refusal was proper under the prior law. *August v. Stasak*, No. 387 January Term 1974, No. 356 January Term 1975 (Court of Common Pleas of Northampton County, filed February 1, 1977). In 1977, while an appeal to the Superior Court was

pending in this case, this Court decided *Brakeman, supra,* and changed the law. The Superior Court, however, refused to apply our holding in *Brakeman* retroactively to this case and denied relief. *August v. Stasak,* 253 Pa.Super. 311, 384 A.2d 1359 (1978). Judges Hoffman and Spaeth dissented and would have extended the new law to cases pending on appeal. We granted allocatur to consider this question.

■■■ This Court's *Brakeman* decision is silent as to whether the holding applies to cases pending on appeal, although the new law was applied retroactively to the parties to that litigation. Also, recourse to precedent is inconclusive because there is no fixed rule as to what effect an overruling decision should have. At common law, an overruling decision is normally retroactive. *See Buradus v. General Cement Products Co.,* 356 Pa. 349, 52 A.2d 205 (1947); *Harry C. Erb, Inc. v. Shell Construction Co.,* 206 Pa.Super. 388, 213 A.2d 383 (1965), *allocatur denied.* However, a sweeping rule of retroactive application cannot be justified. *Box Office Pictures, Inc. v. Board of Finance and Review,* 402 Pa. 511, 166 A.2d 656 (1961). Retroactive application is a matter of judicial discretion which must be exercised on a case by case basis. *Linkletter v. Walker,* 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965).

Justice Roger Traynor of the California Supreme Court has proposed an elegant test for deciding whether an overruling decision will have retroactive effect—balancing the hardships imposed upon parties:

A judge is mindful of the traditional antipathy toward retroactive law that springs from its recurring association with injustice and reckons with the possibility that a retroactive overruling could entail substantial hardship. He may nevertheless be impelled to make such an overruling if the hardships it would impose upon those who have relied upon the precedent appear not so great as the hardships that would inure to those who would remain saddled with a bad precedent under a prospective overruling only...[T]he outworn precedent may be so badly

worn that whatever reliance it engendered would hardly be worthy of protection.

Traynor, R., *La Rude Vita, La Dolce Giustizia; Or Hard Cases Can Make Good Law*, 29 U.Chi.L.Rev. 223, 231–32 (1962).

■ Balancing the hardships in this case clearly mandates that the appellants prevail. The equities in this case are exactly the same as the equities in the *Brakeman* case which characterized the prior law as permitting a forfeiture and being inequitable:

> Allowing an insurance company, which has collected full premiums for coverage, to refuse compensation to an accident victim or insured on the ground of late notice, where it is not shown timely notice would have put the company in a more favorable position, is unduly severe and inequitable.

*Brakeman, supra* 472 Pa. at 73, 371 A.2d at 196.

This Court will not protect the expectations of the company by enforcing an unfair forfeiture provision in an insurance policy. Forfeitures of insurance policies are not favored either at law or in equity. *Poles v. State Mutual Benefit Society*, 129 Pa.Super. 297, 195 A. 429 (1937). Forfeiture in this case would impose a severe hardship on appellants, the accident victims, whose outstanding judgments may well remain unsatisfied if forfeiture is permitted.

The *Brakeman* decision also sought to effectuate the reasonable expectations of the insured that coverage would not be forfeited by nonprejudicial late notice: "[W]e do not think such a result [forfeiture] comports with the reasonable expectations of those who purchase insurance policies." *Id.* 472 Pa. at 76, 217 A.2d at 198. *See generally Collister v. Nationwide Life Insurance Co.*, 479 Pa. 579, 594, 388 A.2d 1346, 1353 (1978) ("The reasonable expectation of the insured is the focal point of the insurance transaction involved here. . . . Courts should be concerned with assuring that the insurance purchasing public's reasonable expectations are fulfilled.") The insured, appellees in this case, had a

reasonable expectation that the coverage would not be forfeited by nonprejudicial late notice.

We must balance the above hardships to the appellants against the hardships to the insurer from a retroactive application of *Brakeman*. The insurance company is being called upon to perform its duty of indemnification, for which it has received full premiums—this can hardly be counted as a hardship. Moreover, the insurance company has not presented any evidence that remotely suggests it could have obtained a more favorable result if it had defended. Prejudice in the abstract is not prejudice. Finally, the insurance company's decision not to defend was made even though it had adequate notice and opportunity to prepare for trial. Thus, any hardship here in failing to defend was of the insurer's own doing. The insurance company has not demonstrated hardships greater than those of the appellants, if at all.

Therefore, applying the approach advanced by Justice Traynor, appellants must prevail. In fact, this case is factually similar to the *Brakeman* case and may well have been the case which overruled prior law if *Brakeman* had not been decided while this case was pending on appeal. Since no distinction can be drawn between appellants and the injured party in *Brakeman,* the same relief should be available. *See: Gibson v. Commonwealth,* 490 Pa. 156, 165, 415 A.2d 80, 85 (1980) where in an analogous situation Mr. Justice Roberts stated for this court: "There is no principled reason to discriminate now against appellants whose causes also accrued before [the overruling decision] . . . both classes of suits affect the Commonwealth in equal measure, and therefore must be treated in like fashion."

Applying *Brakeman* retroactively is in perfect accord with numerous recent decisions in this state. *See: Kuchinic v. McCrory,* 422 Pa. 620, 222 A.2d 897 (1966) (change of conflicts of law rule applied to case pending on appeal); *Snyder v. Shamokon Area School District,* 226 Pa.Super. 369, 311 A.2d 658, 659 (1973) (Abrogation of governmental immunity

of school district applied to cases pending on appeal; Superior Court relied on actions of this court in making this determination); *Wheeling-Pittsburgh Steel Corp. v. Board of Revision of Taxes, etc.*, 40 Pa.Cmwlth. 306, 397 A.2d 1253 (1979) (ruling that certain property not subject to taxation applied retroactively); *Gibson v. Commonwealth, supra* (judicial abrogation of sovereign immunity applied retroactively).

It is unnecessary to remand because the trial court found that the insurance company was not prejudiced by the late notice. The order of the Superior Court is reversed.

ROBERTS, J., filed a concurring opinion in which O'BRIEN, C. J., and FLAHERTY, J., joined.

FLAHERTY, J., joins the majority opinion and ROBERTS, J., concurring opinion.

NIX, J. concurred in the result.

ROBERTS, Justice, concurring.

I agree with Mr. Justice Larsen that appellants are entitled to the benefit of this Court's decision in *Brakeman v. Potomac Insurance Co.*, 472 Pa. 66, 371 A.2d 193 (1977). These cases were pending on direct appeal at the time *Brakeman* was decided. Manifestly, "it is unfair to litigants whose case is not yet final to subject them to a law that is now recognized as offensive. Even-handed decision-making requires that similarly situated individuals on direct appeal be treated the same." *Commonwealth v. Hill*, 492 Pa. 108, 111, 422 A.2d 491, 499 (1980) (Roberts, J., Opinion in Support of Reversal, joined by O'Brien, C. J., and Flaherty, J.). The orders of the Superior Court, therefore, must be reversed.

O'BRIEN, C. J., and FLAHERTY, J., join this concurring opinion.