429 A.2d 1195

**Teresa M. GALLAGHER and Joseph P. Gallagher, her Husband, Appellants,**

v.

**Joseph V. CALIGUIRI.**

Superior Court of Pennsylvania.

Argued April 9, 1979.

Filed May 15, 1981.

Louis C. LaLumere, Pittsburgh, submitted a brief on behalf of appellants.

J. Israel, Pittsburgh, for appellee.

Before CERCONE, President Judge, and WIEAND and HOFFMAN, JJ.

PER CURIAM:

Appellants filed an action in the Court of Common Pleas of Allegheny County alleging *inter alia* medical malpractice. Appellee filed preliminary objections to the complaint requesting its dismissal, based on the assertion that the Health Care Service Malpractice Act [1] requires that all cases involving losses to the patient as the result of medical malpractice be filed with the Arbitration Panel for Health Care and not the courts of common pleas. Appellants thereafter requested the transfer of the case to the Arbitration Panel in lieu of dismissal. The court granted the appellee's preliminary objections and dismissed the case. The appellants bring their appeal from the order dismissing the complaint.

Appellants now contend that the court erred in refusing to transfer the case and in dismissing the complaint. In *Mattos v. Thompson*, 491 Pa. 385, 421 A.2d 190 (1980), the Supreme Court held Section 309 of the Act violative of the dictates of Article I, Section 6 of the Commonwealth's

---

1. 40 P.S. § 1301.101 *et seq.* Hereinafter referred to simply as the Act.

Constitution of 1874 (amended May 18, 1971).[2] Section 309 purported to give original jurisdiction of medical malpractice cases to the Health Service Arbitration Panel. It follows from the Supreme Court's holding in *Mattos* that original jurisdiction in such actions has been retained in the courts of common pleas, see 42 Pa.C.S. § 931, and that it was error for the lower court to dismiss the complaint.

Accordingly, we reversed the order of the lower court, reinstate the complaint, and remand the case for proceedings consistent with this opinion.

**2.** The decision in *Mattos v. Thompson, supra,* was rendered during the pendency of this appeal and is therefore applicable to it. See *August v. Stasak,* 492 Pa. 550, 424 A.2d 1328 (1981). Refusing to apply the *Mattos* case retroactively would leave appellants without recourse.