569 A.2d 378

Honorable Lucien BLACKWELL, Member City Council of Philadelphia, Honorable David Cohen, Member City Council of Philadelphia, Honorable Francis Rafferty, Member City Council of Philadelphia, Petitioners,

v.

COMMONWEALTH of Pennsylvania, STATE ETHICS COMMISSION, Respondent.

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 1989.

Decided Jan. 8, 1990.

Charles W. Bowser, with him, James P. Cousounis, Baskin, Flaherty, Elliott & Mannino, P.C., Philadelphia, for petitioners.

Vincent J. Dopko, Chief Counsel, Harrisburg, for respondent.

Jules S. Henshell, Sr. Deputy Atty. Gen., with him, John G. Knorr, III, Chief Deputy Atty. Gen., Chief of Litigation Section, and Ernest D. Preate, Jr., Atty. Gen., Harrisburg, for respondent/intervenor, Office of Attorney General.

John E. McKeever, Philadelphia for amicus curiae, Committee of Seventy.

Before CRUMLISH, Jr., President Judge, CRAIG, DOYLE, BARRY, COLINS, McGINLEY and SMITH, JJ.

CRAIG, Judge.

### Proceedings in This Court

On September 13, 1988, three Philadelphia City Council members filed a petition for review in this court seeking

injunctive relief and a declaratory judgment that (1) the Philadelphia Home Rule Charter preempts the state Public Officials Ethics Act (Ethics Act), Act of October 4, 1978. P.L. 883, *as amended*, 65 P.S. §§ 401–413; (2) the Ethics Act does not prohibit council members from hiring their spouses; and (3) the confidentiality provisions of the Ethics Act are unconstitutional.

The Ethics Commission filed preliminary objections to the petition. In an opinion written by President Judge Crumlish, dated April 4, 1989, this court overruled those objections. *Blackwell v. State Ethics Commission*, 125 Pa.Commonwealth Ct. 42, 556 A.2d 988 (1989) (*Blackwell I*). In response to that decision, the commission filed an answer to the petition for review, raising new matter to which the council members filed a reply.

Judge Colins, joined by Judge Barry, filed a concurring opinion in *Blackwell I* on a constitutional issue going to the very existence of the commission's jurisdiction. Judge Colins questioned whether the Ethics Commission was still in existence during the period it was conducting its investigation of the council members, challenging the constitutionality of section 4(4) of the Sunset Act, Act of December 22, 1981, P.L. 508, *as amended*, 71 P.S. § 1795.4(4), that allowed the Sunset Leadership Committee to postpone the termination of the Ethics Commission, an agency scheduled for termination.

Judge Colins insightfully recognized that the act of postponing the termination of a sunsetted agency could be regarded as a legislative act in itself, thus one which required approval by the traditional legislative process—a bicameral vote of both houses of the General Assembly and presentment to the Governor. Therefore, such action taken without the proper procedure results in a nullity, and the original date of the Ethics Commission's termination, December 31, 1987 remained effective.

After the filing of that concurrence, the council members filed the motion for judgment on the pleadings that is now before us, in which the council members claim that the

commission is precluded from investigating them because the Sunset Act terminated the commission on December 31, 1987, and the Leadership Committee's postponement of termination is ineffective because the postponement enabling provision is unconstitutional.

A court may consider a motion for judgment on the pleadings only in cases in which no material issues of fact remain. *E–Z Parks v. Philadelphia Parking Authority*, 110 Pa.Commonwealth Ct. 629, 532 A.2d 1272 (1988), *app. den.*, 519 Pa. 656, 546 A.2d 60 (1988). We agree with the council members that no material facts are in dispute with respect to the issue now posed.

The commission has filed a motion for summary judgment.

### Preliminary Proceedings and Supreme Court Action

Consideration of these motions now requires reference to the disposition of preliminary proceedings which antedated this court's decision in April of 1989. Before the December, 1988 argument on that phase of the case, the council members had filed in this court an Application for Special Relief in the Nature of a Preliminary Injunction and an Application for Special Expedited Relief in the Nature of a Temporary Restraining Order (1) to enjoin the commission investigation and (2) to quash a commission subpoena. After this court, in October of 1988, denied the injunction but stayed the subpoena, the commission appealed the stay order to the Supreme Court, which noted probable jurisdiction, in that the stay order was equivalent to a preliminary injunction and therefore immediately appealable under 42 Pa.C.S. §§ 723(a), 5105(c) and Pa.R.A.P. 311(a)(4).

Recently, after the parties had briefed and argued the interlocutory appeal before the Supreme Court, and also after argument of the present motions before this court, the Supreme Court issued its decision in *Honorable Lucien Blackwell v. State Ethics Commission*, 523 Pa. 347, 567 A.2d 630 (1989), (*Blackwell II*), in which that court, in an

opinion by Mr. Justice Rolf Larsen, held that Section 4(4) of the Sunset Act is unconstitutional, stating that:

[I]t is clear that the resolutions of the Leadership Committee extending the life of the Comission were, pure and simple, an unconstitutional exercise of the legislative power to make and enact laws.

It is hard to imagine a *more basic* policy question than whether or not a particular agency will exist; but for the affirmative action of six members of the General Assembly composing the Leadership Committee, the Commission would have been terminated as scheduled by the full Legislature on June 30, 1988 (following the six month "wind up" period of section 6(f)). The actions of six members of the General Assembly in effect *reestablished* an otherwise terminated agency that would have ceased to exist were it not for the two resolutions of the Leadership Committee under section 4(4). Unlike the *automatic* six month continuation of an agency's existence to wind up its affairs under section 6(f), the two six month extensions (or postponements) under section 4(4) required the exercise of discretion and affirmative steps by a small body of legislators identified by title.

There is no doubt that section 4(4) of the Sunset Act reposes the "legislative power" in its quintessential form—the power to make or repeal a law, to establish or terminate an agency—in a committee. The legislative power "shall be vested in a General Assembly, which shall consist of a Senate and a House of Representatives." Art. II, § 1. There is no room in the explicit provision for the exercise of the legislative power by committee, whether that committee is composed of certain select members of the General Assembly, by a person or body within one of the other branches of government, or by a private person or organization. Section 4(4) does not, as the Commission suggests, merely delegate the power to administer a procedural mechanism of the Sunset Act; to the manifest contrary, section 4(4) quite literally delegates the power of life or death to six desig-

nated members of the General Assembly. Accordingly, section 4(4) of the Sunset Act is an unconstitutional delegation of the legislative power under Article II, section 1.

The resolutions of the Leadership Committee extending the life of the Commission until December 31, 1988 were therefore null and void and without legal effect. The scheduled termination date of December 31, 1987 remained operative, and the Commission ceased to legally exist as of June 30, 1988 following the automatic wind up period provided by section 6(f) of the Sunset Act. Although the Commission has now been constitutionally reestablished (presumptively) as of June 26, 1989, in the interim the Commission was a legal non-entity and any actions taken by the Commission during that period are also null and void.

The *Blackwell II*, 523 Pa. at 361–364, 567 A.2d at 637–638, (footnotes omitted.)

Thus the Supreme Court has concluded that section 4(4) of the Sunset Act clearly violates Article II, § 1 of the Pennsylvania Constitution. Accordingly, the Supreme Court decided that the Leadership Committee action did not extend the commission's life, so that the commission was not in existence even for the purpose of filing its appeal with the Supreme Court; that court therefore disposed of the interlocutory appeal by quashing it.

Of course, this conclusion of the Supreme Court is not only binding upon this court as precedent, but it also represents the law of the case with respect to these present proceedings.

The Supreme Court in *Blackwell II* stated that its conclusion, based upon Pa. Const. Art. II, § 1, obviated any need to consider the validity of Sunset Act § 4(4) under Pa. Const. Art. III, §§ 1–4, dealing with legislative procedure or Art. III, § 9 and Art. IV, § 15, relating to presentment to the Governor, citing *Commonwealth v. Sessoms*, 516 Pa. 365, 532 A.2d 775 (1987) as dealing with those issues. Clearly, the Supreme Court regards *Sessoms*, which re-

quired that concurrent resolutions dealing with sentencing guidelines be presented to the Governor, as embodying no doctrine sufficient to save the Sunset Act provision involved here. Similarly, the plurality decision of the Superior Court in *Commonwealth v. Kuphal*, 347 Pa.Superior Ct. 572, 500 A.2d 1205 (1985), noted by the Supreme Court in *Sessoms*, has no efficacy with respect to sustaining the life of section 4(4) of the Act here.

## Limitation of Relief and Mandate

Because the relief in this present case, at the stage of the proceedings now reached in this court, does not involve the quashing of an appeal by the commission (in that the council members initiated this case, as an original jurisdiction action), and because relief here would go beyond dealing with a preliminary injunction, we must consider the commission's argument that invalidation of the Leadership Committee's agency extension power would cause chaos by generating litigation on behalf of other parties who have been subject to proceedings conducted by the several other agencies whose termination has been postponed under the Sunset Act. Of course, if a statutory provision is unconstitutional, the repercussions of such a holding should not prevent a court from reaching the correct decision. We are cognizant of the potential effects of the conclusion that the postponement provision is unconstitutional.

However, the general rule, that a statute which a court concludes is unconstitutional shall be treated as if it never existed, has many exceptions. *Box Office Pictures, Inc. v. Board of Finance and Revenue*, 402 Pa. 511, 166 A.2d 656 (1961). The Pennsylvania Supreme Court has stated that the existence of a statute before an adjudication of unconstitutionality is an operative fact, and may have consequences that cannot be ignored. Such factors include the status of previous determinations, which, of course, have been deemed to be final and acted upon accordingly, and public policy in light of the nature of the statute. *Box Office Pictures, Inc.* Given the potential of adverse impacts on the Commonwealth if we were to apply this deci-

sion retroactively beyond the present case, we believe public policy considerations favor limiting this decision so that it is limited to prospective application with respect to parties not now before the court.

■ In *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), the United States Supreme Court stated that the test of confining a new decision to prospective application is whether the decision establishes a new principle of law either by overruling clear past precedent or by deciding an issue of first impression whose resolution was not clearly foreshadowed. 404 U.S. at 106, 92 S.Ct. 355. Moreover, in considering the propriety of confining a decision to prospective operation, the courts may look to the previous history of the rule in question to determine whether its purpose and effect would be benefited by prospective treatment. 404 U.S. at 106–107, 92 S.Ct. 355–56. That rule of prospective application was approved by the Pennsylvania Supreme Court in *Schreiber v. Republic Intermodal Corp.,* 473 Pa. 614, 622, 375 A.2d 1285, 1289 (1977) and elsewhere.

The decision in this case clearly does implement a new principle of law, resolving an issue of first impression whose resolution was not clearly foreshadowed.

Therefore this decision shall be limited to prospective application so that it shall govern only (1) this case, (2) proceedings involving the Ethics Commission which are presently pending in this court, and (3) proceedings presently pending before the Ethics Commission in which parties have already raised the issue of the validity of the Leadership Committee postponement provision in the Sunset Act, in relation to actions taken by the commission after June 30, 1988 and before June 26, 1989, the effective date of Act No. 9 of 1989, which, pursuant to full legislative action of both houses, reenacted the Ethics Law and thereby reestablished the commission in existence upon and after that effective date.

Limitation to Ethics Commission proceedings is necessary because the "window" of the invalid extension period may differ as to other agencies which have different Sunset Act termination dates and which are governed, as to legislative revival, by statutes other than Act No. 9 of 1989, if any.

In summary, in order to avoid the application of a judicial determination to situations not yet visible, our view is that its application to other parties in other situations should not be decided until such other parties are before the court.

Having followed the Supreme Court's view, as foreshadowed by Judge Colin's previous concurrence, as joined by Judge Barry, holding as to this case that the postponement provision of the Ethics Act is unconstitutional, this court agrees that the council members are entitled to judgment on the pleadings in their favor with respect to the commission investigation and proceedings against them covered by this case, including, but not limited to, the subpoena issuance of October 7, 1988. With the investigation and proceedings covered by this case nullified, there is no need to consider the petitioners' pre-emption claim or their issues relating to the interpretation and substantive validity of the Ethics Act standards. The commission's motion for summary judgment will be denied.

## ORDER

Now, January 8, 1990 it is hereby ORDERED as follows:

1. The petitioners' motion for judgment on the pleadings is granted to the extent that the court hereby declares to be unlawful and void the State Ethics Commission's investigation of the petitioners and proceedings against them conducted after June 30, 1988, including the subpoena issuance of October 7, 1988;

2. The State Ethics Commission's motion for summary judgment is denied; and

3. This decision shall be limited to prospective application in that it shall govern only (1) this case, (2) other proceedings involving the State Ethics Commission which

are presently pending in this court, and (3) proceedings presently pending before the State Ethics Commission in which the parties have already (before the date of this order) raised the issue of the validity of the Leadership Committee postponement provision in section 4(4) of the Sunset Act, Act of December 22, 1981, P.L. 508, *as amended*, § 4(4), in relation to actions taken by the State Ethics Commission after June 30, 1988 and before June 26, 1989.