568 A.2d 1368

**COMMONWEALTH of Pennsylvania, STATE ETHICS COMMISSION, Petitioner,**

v.

**Helen L.P. ANDERSON, et al., Respondents.**

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 1989.

Decided Jan. 22, 1990.

---

Vincent J. Dopko, Gen. Counsel, for petitioner.

Robert A. Swift, with him, Denis F. Sheils, Kohn, Savett, Klein & Graf, P.C., Philadelphia, for respondent, Francis A. Scanlan.

Martin Vigderman, Philadelphia, for respondent, Alexander Talmadge.

Robert J. Borthwick, Taylor, for respondent, Thomas Bensen.

Before CRUMLISH, Jr., President Judge, and CRAIG, DOYLE, BARRY, COLINS, McGINLEY and SMITH, JJ.

CRAIG, Judge.

On October 7, 1988, the State Ethics Commission filed the petition for review in this case, addressed to this court's original jurisdiction, seeking injunctive relief to compel the respondents, Francis A. Scanlon and Alexander Talmadge and others, to file financial disclosure statements. Respondents Scanlon and Talmadge filed this present motion for judgment on the pleadings, claiming that the commission is without authority to pursue this action. However, because these respondents never filed an answer to the commission's complaint, we will regard their motion as a preliminary objection to the complaint.

■ The respondents argue that the Sunset Act, Act of December 22, 1981, P.L. 508, *as amended,* 71 P.S. §§ 1795.-1–1795.14, terminated the commission, along with the commission's functions, on December 31, 1987, and that the Sunset Leadership Committee's act of postponing the termination date is ineffective because section 4(4) of the Sunset Act, 71 P.S. § 1795.4(4), which provides for the postpone-

ment of an agency's termination by action of the Leadership Committee, is unconstitutional. This court agrees.

In *Blackwell v. State Ethics Commission* —— Pa.Commonwealth Ct. ——, 569 A.2d 378 (1990) (*Blackwell III*), this court recently followed the conclusion of the Supreme Court in *Honorable Lucien Blackwell v. State Ethics Commission* 523 Pa. 347, 567 A.2d 630 (1989) (*Blackwell II*) that the postponement provision was unconstitutional under Pa. Const. art. II, § 1 because it sought to vest legislative power in the six-member Leadership Committee.

Thus the commission had no power to initiate any action after its termination date of December 31, 1987, nor any lawful existence enabling it to initiate or complete a matter after the end of the wind-up period on June 30, 1988, as authorized by the original Act. Statutory existence of the commission did not resume until June 26, 1989, the effective date of Act No. 9 of 1989, which, pursuant to full legislative action of both houses, reenacted the Ethics Law and reestablished the commission.

■ In this case, the commission filed its petition for review in October 1988, at least three months after the end of the commission's designated wind-up period, June 30, 1988. Thus, the commission had no existence and hence no standing to initiate this proceeding. This situation here is precisely analogous to that in *Blackwell II,* where the Supreme Court held that the commission had no lawful existence and hence no standing to file an appeal in October of 1988, an action which also fell within the period of the commission's non-existence between June of 1988 and June of 1989.

Except as to cases, if any, before the commission where the same constitutional issue has been raised, our order in *Blackwell II* limited the application of that holding to Ethics Commission proceedings presently pending in this court. Because this case has been pending in this court, the Supreme Court's decision in *Blackwell II* and our applica-

tion of it in *Blackwell III* require that the respondents' preliminary objection be sustained and this case dismissed because of the commission's lack of standing to institute it.

## ORDER

Now, January 22, 1990, respondents Talmadge and Scanlon's motion for judgment on the pleadings, which we shall treat as a preliminary objection, is sustained, and the State Ethics Commission's petition for review seeking injunctive relief compelling the respondents to file Statements of Financial Interest for the year 1986 is dismissed.