589 A.2d 1094

Honorable Lucien BLACKWELL, Member City Council of Philadelphia, Honorable David Cohen, Member City Council of Philadelphia and Honorable Francis Rafferty, Member City Council of Philadelphia, Appellees,

v.

COMMONWEALTH of Pennsylvania, STATE ETHICS COMMISSION, Appellant.

COMMONWEALTH of Pennsylvania, STATE ETHICS COMMISSION, Appellant,

v.

Helen L.P. ANDERSON, et al., Appellees.

M.P., an Undisclosed Elected Official, Appellant,

v.

COMMONWEALTH of Pennsylvania, STATE ETHICS COMMISSION, Appellee.

WEST SHORE SCHOOL DISTRICT, Appellant,

v.

PENNSYLVANIA LABOR RELATIONS BOARD and Those Persons Purporting to Act on Behalf of Such an Entity and West Shore Education Association, Appellee.

Honorable Lucien BLACKWELL, Member of City Council of Philadelphia, Honorable David Cohen, Member City Council of Philadelphia, Honorable Francis Rafferty, Member City Council of Philadelphia, Appellees,

v.

COMMONWEALTH of Pennsylvania, STATE ETHICS COMMISSION, Appellee.

Supreme Court of Pennsylvania.

Argued Oct. 23, 1989.

Re-argued Oct. 23, 1990.

Decided March 28, 1991.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAKADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

In this appeal by the Commonwealth State Ethics Commission (Commission) the issue before us is whether our decision filed in this case on December 13, 1989, (*Blackwell v. Commonwealth State Ethics Commission*, 523 Pa. 347, 567 A.2d 630 (*Blackwell II*)), should be given retroactive or prospective application. We hold that that decision is to be applied retroactively to the instant appeal and to all proceedings pending at the time we announced our decision in

*Blackwell II* in which the issue of the constitutionality of the Leadership Committee provisions of section 4(4) of the Sunset Act, 71 P.S. § 1795.4(4) was timely and properly raised and preserved by the parties.

Originally, we heard arguments in this matter on October 23, 1989, when we had before us the appeal of the Commission from the Commonwealth Court order dismissing the Commission's preliminary objections to a petition of the appellees, Lucien Blackwell, David Cohen and Francis Rafferty (Blackwell, Cohen & Rafferty) seeking relief from a subpoena issued by the Commission. Briefly, the history of this case leading to the original appeal in this court is as follows:

On or about June 19, 1987, each of the appellees, who were serving as members of the Philadelphia City Council, was notified by the Commission that he was under investigation for hiring his wife to work in his city council office, allegedly in violation of section 3(a) of the Public Officials Ethics Act (the "Ethics Act"), 65 Pa.Stat.Ann. § 403(a). The appellees Blackwell, Cohen & Rafferty responded by filing a Petition for Review in the Commonwealth Court seeking to enjoin the Commission from proceeding with its announced investigation. The Commission replied by filing preliminary objections to the said petition for an injunction. Blackwell, Cohen & Rafferty then petitioned the Commission for a stay of the investigation and all further proceedings pending disposition of their Petition for Review by the Commonwealth Court. The Commission denied the request for a stay and proceeded to issue a subpoena upon the First Pennsylvania Bank in Philadelphia requiring the bank to produce the bank account records of appellee Lucien Blackwell and/or his wife, Jannie Blackwell. The appellees, Blackwell, Cohen & Rafferty, inter alia, filed an Application for Special Relief in the Commonwealth Court seeking a temporary restraining order, a protective order and an order quashing the subpoena to First Pennsylvania Bank. After a hearing, the Commonwealth Court stayed the subpoena served upon First Pennsylvania Bank pending dispo-

sition of the Commission's preliminary objections. The request that the Commission be enjoined from continuing its investigation was denied. The Commission filed an appeal in this court from that portion of the Commonwealth Court order which stayed the subpoena. While the Commission's appeal to this court was pending, the Commonwealth Court heard arguments on the Commission's preliminary objections. In an opinion by President Judge James Crumish, Jr., the Commission's preliminary objections were dismissed. Judge James Gardner Colins, joined by Judge Francis A. Barry, filed a concurring opinion which raised a serious question as to the validity of the Leadership Committee procedure authorized by Section 4(4) of the Sunset Act which purported to extend the life of the Commission beyond the date it was scheduled to go out of existence. Under the view adopted by Judge Colins' concurring opinion, the Commission had gone out of existence as scheduled and therefore it had no jurisdiction to continue the investigation of Blackwell, Cohen & Rafferty. Armed with the arguments embraced by that concurring opinion, the appellees, Blackwell, Cohen & Rafferty filed in this court an application to quash the Commission's appeal. The application to quash the appeal challenged the very existence of the Commission after June 30, 1988 based upon the premise that the Leadership Committee procedure established by Section 4(4) of the Sunset Act which purported to extend the life of the Commission beyond that date was invalid. Subsequently, in an unanimous opinion and order authored by this writer and filed on December 13, 1989, we held that Section 4(4) of the Sunset Act, 71 P.S. § 1795.4(4) was an unconstitutional delegation of legislative power and therefore invalid and void. Accordingly, we quashed the Commission's appeal. *Blackwell v. Commonwealth State Ethics Commission*, 523 Pa. 347, 567 A.2d 630 (1989) (*Blackwell II*).

A timely Application for Reargument was filed by the Commission and by the Sunset Leadership Committee in an Amicus Curiae Application to Intervene. In a Per Curiam

Order filed on March 30, 1990, we granted reargument "limited to the question of the retroactive application of our decision reached in this matter on December 13, 1989."[1] In that order of March 30, 1990, we further directed:

In as much as the same issue of retroactivity is also at issue in *SEC v. Helen L.P. Anderson,* 2374 C.D. 1988 [130 Pa.Cmwlth. 608, 568 A.2d 1368], appeal filed at 10 Appeal Docket Middle District 1990, *M.P., An Undisclosed Elected Official v. SEC,* 44 Commonwealth Court Misc. Dkt.1989, *West Shore School District v. Pennsylvania Labor Relations Board,* 15 Commonwealth Court Misc. Dkt.1990 [131 Pa.Cmwlth. 476, 570 A.2d 1354], and *Blackwell, et al. v. SEC,* No. 2222 Commonwealth Docket 1988 [125 Pa.Cmwlth. 42, 556 A.2d 988], plenary jurisdiction is assumed over all of these matters and they are ordered consolidated with this application for reargument.

*Blackwell v. Commonwealth State Ethics Commission,* 524 Pa. 403, 573 A.2d 536 (1990) (*Blackwell IV*). A brief background of each of the cases we ordered consolidated with the application for reargument by our order of March 30, 1990, in the sequence in which they appear in that said order, is as follows:

## I.

## SEC v. Helen L.P. Anderson

## No. 2374 C.D.1988

## No. 10 M.D. Appeal Docket 1990

The Commonwealth State Ethics Commission filed a Petition for Review in the Commonwealth Court seeking injunctive relief and a judgment against certain individuals who allegedly were public officials by appointment in 1986 and who had failed to file financial interest statements for that year as required by the Ethics Act, 65 P.S. § 404(d). The appellees, Francis A. Scanlon and Alexander Talmadge (two of the several persons so charged by the Commission),

---

**1.** We also granted the petition of the Sunset Leadership Committee to intervene.

responded by filing a motion for judgment on the pleadings. Because the said appellees did not file an answer, that court treated the motion for judgment on the pleadings as preliminary objections. Appellees Scanlon and Talmadge argued that the State Ethics Commission lacked the authority to bring the action in that the Commission's life had terminated because the provision for postponing termination by the Leadership Committee was unconstitutional. The Commonwealth Court, in a Memorandum Opinion by Judge Craig, citing our holding in *Blackwell II* and the Commonwealth Court's subsequent ruling in *Blackwell III* sustained the preliminary objections and dismissed the suit brought by the Commission because of the Commission lack of standing to initiate it. On January 22, 1990, an order in accordance with that opinion was entered. The Commission filed a timely appeal at No. 10 M.D. Appeal Docket, 1990 from that order.

## II.

### M.P., An Undisclosed Elected Official v. SEC

### 44 Commonwealth Court Misc. Docket 1989

### No. 57 E.D. Appeal Docket 1990

Appellant, M.P., An Undisclosed Elected Official (M.P.), was the subject of an investigation conducted by the Commonwealth State Ethics Commission. As a result of the investigation of M.P., the Commission entered a preliminary order. Subsequently, pursuant to the provisions of the Ethics Act, an administrative hearing was scheduled. Prior to the commencement of the hearing, M.P. filed in the Commonwealth Court a Petition for Declaratory Judgment and Special Injunction and Motion to Impound Court Record. Eventually, the State Ethics Commission filed a Motion for Summary Judgment which was argued before that court on October 4, 1989. In a Memorandum Opinion and Order filed on January 22, 1990, the Commonwealth Court concluded that because of our holding in *Blackwell II* the issue of the application of that holding must be decided

before the merits of the case then before it could be reached. Further, the court order afforded the parties an opportunity to submit briefs to that court with respect to the impact of our pronouncement in *Blackwell II*. Our said order of March 30, 1990 intervened and we assumed jurisdiction, limited to the issue recited in that order.

## III.

West Shore School District v. Pennsylvania

Labor Relations Board

15 Commonwealth Court Misc. Docket 1990

No. 28 M.D. Appeal Docket 1990

On January 17, 1990, the appellant, West Shore School District (the "District"), relying in part on our decision of December 13, 1989 in *Blackwell II*, filed a Petition for Review in the Commonwealth Court against the Pennsylvania Labor Relations Board (P.L.R.B.), etc. and the West Shore Education Association. The District's suit sought, inter alia, to obtain a preliminary injunction against the P.L.R.B. claiming that the P.L.R.B. had gone out of existence and therefore had no jurisdiction over the District. After a hearing in this matter, the Commonwealth Court invalidated the entire Sunset Act on other grounds,[2] and denied the District's motion for a preliminary injunction. The Commonwealth Court further ordered that any matter that required argument would be scheduled on the next available argument list. Before any further matter was

---

**2.** The Commonwealth Court held: that Section 7(b) of the Sunset Act (71 P.S. § 1795.7(b) is unconstitutional; that Section 7(b) is not severable from the remainder of the Sunset Act; that as a consequence the entire Sunset Act is unconstitutional; and that the P.L.R.B. never ceased to exist. The court denied the District's request for a preliminary injunction enjoining the P.L.R.B. from enforcing a hearing examiner's order against it and from holding hearings, conducting an investigation or taking any other action against it. Since by our Per Curiam Order of March 30, 1990 we limited argument in this case to the question of the retrospective application of our decision of December 13, 1989 in *Blackwell II*, these issues are not before us at this time.

scheduled for argument in the Commonwealth Court, we assumed jurisdiction per our said order of March 30, 1990.

## IV.

### Blackwell v. Commonwealth State Ethics Commission

### No. 2222 Commonwealth Docket 1988

### No. 7 E.D. Appeal Docket 1990 [3]

The appellant, Commonwealth State Ethics Commission, appeals from an order of the Commonwealth Court of January 9, 1990 which declared that the State Ethics Commission's investigation of appellees Lucien Blackwell, David Cohen and Francis Rafferty and all proceedings against them conducted after June 30, 1988, including the issuance of a subpoena on October 7, 1988, to be unlawful and void. Further, that order provided that the Commonwealth Court's decision:

> "shall be limited to *prospective* application in that it shall govern only (1) this [within] case [4], (2) other proceedings involving the State Ethics Commission which are presently pending in [the Commonwealth Court], and (3) proceedings pending before the State Ethics Commission in which the parties have ... raised the issue of the validity of the Leadership Committee postponement provision in section 4(4) of the Sunset Act ... in relation to actions taken by the State Ethics Commission after June 30, 1988 and before June 26, 1989".[5] (Emphasis supplied)

3. This is the same case as that at No. 162 E.D. Appeal Docket 1988 (*Blackwell II*) in which we granted application for reargument. The appeal in this case, at No. 7 E.D. Appeal Docket 1990 is from an order of the Commonwealth Court entered after we decided *Blackwell II*.

4. "Within" case refers to *Blackwell v. Commonwealth State Ethics Commission,* 125 Pa.Cmwlth. 42, 556 A.2d 988 involving Honorable Lucien Blackwell, Honorable David Cohen, Honorable Francis Rafferty and the Commonwealth State Ethics Commission.

5. In its order, the Commonwealth Court erroneously characterizes the application of its decision as *"prospective"* when in fact it applies its ruling *"retrospectively"* to the parties in the case before it and to other presently pending proceedings which naturally involve actions taken

*Blackwell v. State Ethics Commission,* 130 Pa.Commw. 646, 569 A.2d 378 (1990) (*Blackwell III*). The Commonwealth Court decision in *Blackwell III* followed our decision in *Blackwell II* which held that the Leadership Committee postponement provision in section 4(4) of the Sunset Act is unconstitutional.

Although the cases consolidated with the application for reargument in this proceeding involve divergent facts and some involve claims and issues other than the question of retroactivity, each is now before us limited to the issue of whether our decision in *Blackwell II* is to be applied retroactively or prospectively. The question of whether a state court decision announcing a new rule is to be applied retroactively or prospectively is squarely within the province of the state courts. *Great Northern Railway Co. v. Sunburst Oil & Refining Co.,* 287 U.S. 358, 53 S.Ct. 145, 77 L.Ed. 360 (1932). The Federal Constitution neither requires nor prohibits retroactive or prospective application of a new decision. *Linkletter v. Walker,* 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); *United States v. Johnson,* 457 U.S. 537, 102 S.Ct. 2579, 73 L.Ed.2d 202 (1982). Likewise, the Pennsylvania Constitution neither mandates nor forbids either application. *Commonwealth v. Geschwendt,* 500 Pa. 120, 454 A.2d 991 (1982) (plurality opinion).

The plurality opinion in *Commonwealth v. Geschwendt, supra.,* recognized at least four separate and distinct approaches in deciding what effect should be given to a decision announcing a new rule. One approach is to give the new rule purely prospective effect so that it is not even applied to the parties in the case in which the new rule is announced. *Commonwealth v. Milliken,* 450 Pa. 310, 300 A.2d 78 (1973); *Commonwealth v. Fowler,* 451 Pa. 505, 304 A.2d 124 (1973). (This is the approach the Commonwealth urges us to adopt in this case.) Another approach is to limit retroactive application to the case in which it is announced.

*prior* to the date of its decision. *Commonwealth v. Geschwendt,* 500 Pa 120, 454 A.2d 991 (1982) (plurality opinion).

*Commonwealth v. Thomas,* 520 Pa. 206, 553 A.2d 918 (1989). A third choice is to apply the new rule to the case in which it is announced and to all cases pending at the time the new rule is announced. *Commonwealth v. Cabeza,* 503 Pa. 228, 469 A.2d 146 (1983); *August v. Stasak,* 492 Pa. 550, 424 A.2d 1328 (1981). A fourth approach is to give the new rule fully retroactive effect. Under this fourth choice, the new rule is applied to the case in which it is announced, to all cases pending at the time the new rule is announced, and to cases which are final at the time the new rule is announced. See e.g. *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *Arsenault v. Massachusetts,* 393 U.S. 5, 89 S.Ct. 35, 21 L.Ed.2d 5 (1968). (Per Curiam opinion applying *Gideon v. Wainwright* retroactively). *Arthur v. Colorado,* 380 U.S. 250, 85 S.Ct. 943, 13 L.Ed.2d 818 (1965) (Per Curiam decision applying *Gideon v. Wainwright* retroactively).

 The general rule followed in Pennsylvania is that we apply the law in effect at the time of the appellate decision. *Commonwealth v. Cabeza,* 503 Pa. 228, 469 A.2d 146 (1983). This principle applies with equal force to both civil and criminal proceedings. *Id.; Commonwealth v. Brown,* 494 Pa. 380, 431 A.2d 905 (1981). This means that we adhere to the principle that, "a party whose case is pending on direct appeal is entitled to the benefit of changes in law which occurs before the judgment becomes final." *Commonwealth v. Brown, supra,* 494 Pa. 383, 431 A.2d at 906–07, citing *August v. Stasak,* 492 Pa. 550, 424 A.2d 1328 (1981). We noted in *August* that at common law, a decision announcing a new principle of law is normally retroactive. We further noted in *August* that although retroactivity is the general rule, a sweeping rule of retroactive application is not justified. Retrospective application is a matter of judicial discretion which must be exercised on a case by case basis. *August v. Stasak, supra,* 492 Pa. 554, 424 A.2d at 1330, citing *Linkletter v. Walker, supra.*

It is the Commonwealth's position that the ruling announced on December 13, 1989 in *Blackwell II* declaring

Section 4(4) of the Sunset Act unconstitutional is not one to which the general rule of retroactive application should be applied. The Commonwealth argues that we should grant complete prospectivity to that decision and apply it only to cases arising subsequent to *Blackwell II*. We disagree.

 The U.S. Supreme Court has viewed the decision of whether to apply a new rule retroactively or prospectively as a function of three considerations: (1) the purpose to be served by the new rule, (2) the extent of the reliance on the old rule, and (3) the effect on the administration of justice by the retroactive application of the new rule. *Desist v. United States*[6], 394 U.S. 244, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969) citing *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 1970, 18 L.Ed.2d 1199 (1967). We have adopted this three-factor standard and apply it when a question of the retroactivity or nonretroactivity of a new decision is before us. *Commonwealth v. Miller*, 490 Pa 457, 417 A.2d 128 (1980). Giving full consideration to these three factors, we conclude that our decision in *Blackwell II* declaring Section 4(4) of the Sunset Act unconstitutional is to be applied retroactively to the parties before the court and to all cases pending at the time of that decision in which the issue of the constitutionality of Section 4(4) of the Sunset Act was timely raised and preserved. We believe that this application: (1) serves the purposes of the new decision to mandate conformity with the constitution; (2) takes into account that numerous transactions which were concluded unchallenged in reliance upon the Act and are now final; and (3) has a limited effect on the operations of the various agencies, boards and commissions in that our retroactive application is restricted to the instant case and all cases pending at the time of our decision in *Blackwell II* in which

**6.** Although *Desist v. United States,* supra. involved a criminal prosecution, the criteria applicable in resolving the question of retroactive or prospective application of a decision announcing a new rule is no different in civil litigation. *Commonwealth v. Cabeza,* 503 Pa. 228, 469 A.2d 146; *Linkletter v. Walker,* 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1985).

the validity of Section 4(4) of the Sunset Act was properly raised and preserved.

Further, in *Chevron Oil Company v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), the United States Supreme Court outlined three separate factors that are to be considered in dealing with the question of whether a decision should be applied prospectively.

> First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied ... or by deciding an issue of first impression whose resolution was not clearly foreshadowed.... Second, it has been stressed that 'we must * * * weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation.' .... Finally, we have weighed the inequity imposed by retroactive application, for '[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity.

*Id.* at 106, 107, 92 S.Ct. at 355, 30 L.Ed.2d at 306 (citations omitted).

 In *Schreiber v. Republic Intermodal Corp.,* 473 Pa. 614, 375 A.2d 1285 (1977), we adopted the *Chevron* criteria and refused to grant prospective application to the decision in *Jonnet v. Dollar Savings Bank,* 530 F.2d 1123 (3rd Cir.1976) which held that Pennsylvania's rules governing foreign attachment procedures were unconstitutional because the *Jonnet* decision "did not establish a new principle of law which might be applied prospectively only ..." *Schreiber v. Republic Intermodal Corp.,* supra, 473 Pa. at p. 622, 375 A.2d at p. 1289. Citing *Chevron Oil Company v. Huson,* supra, we said in *Schreiber:*

> [T]he United States Supreme Court stated that the threshold test in deciding whether a new decision might be given prospective application only is whether the deci-

sion establishes a new principle of law, either by overruling clear past precedent or by deciding an issue of first impression whose resolution was not clearly foreshadowed. (citation omitted).

Our decision in *Blackwell II* which held that Section 4(4) of the Sunset Act was an unconstitutional delegation of legislative power does not meet this threshold test. It is a fundamental principle of constitutional law that the legislature cannot delegate its law making function directly or indirectly to any other body or agency. 7 P.L.E. Constitutional Law § 78; 16 C.J.S. Constitutional Law § 133. We held in *Blackwell II* that the delegation of authority to the Leadership Committee provided in Section 4(4) of the Sunset Act violated that constitutional principle and therefore was invalid.

In *Gibson v. Commonwealth*, 490 Pa. 156, 415 A.2d 80 (1980), Justice Roberts, writing for the majority, observed:

Judicial decisionmaking inherently requires courts to resolve conflicts after they arise. ... As Justice Holmes observed: " 'Judicial decisions have had retrospective operation for near a thousand years.' " ... Only recently have courts limited the full effect of their decisions.... The prime impetus behind this occasional willingness not to give a decision full effect is the concern that a novel decision will unfairly prejudice those formerly advantaged by the old rules.... (citations omitted).

Id. 490 Pa. at p. 163, 415 A.2d at p. 84. That prime impetus which has encouraged courts to apply a new decision prospectively is not a component in the instant appeal. There is no substantial question that persons formerly advantaged by the old rule will be unfairly prejudiced by the decision in *Blackwell II.* Simply stated, there was no old rule which advantaged anyone. *Blackwell II* established no new principle of law nor was there a clear break with past precedent.

Considering the three factors as delineated in *Chevron* and adopted by this court in *Schreiber,* we conclude that the decision announced in *Blackwell II* declaring Section 4(4) of

the Sunset Act unconstitutional should be applied retroactively to the parties before the court and to all proceedings pending at the time of the said decision wherein the validity of Section 4(4) of the Sunset Act was properly raised and preserved.

In its argument that *Blackwell II* should be applied prospectively only, the Commonwealth submits that "retroactive application ... will have the catastrophic effect of casting doubt on or actually undoing the work of many statutory agencies performed during periods of postponement." (Supplemental Brief of Commonwealth, p. 11). The Sunset Act provides for the termination of seventy-two separate agencies, boards and commissions.[7] Under the authority of Section 4(4) of the Sunset Act, the Leadership Committee postponed the termination of twenty-eight of those agencies, boards and commissions. (Amicus Curiae Brief of General Counsel of the Commonwealth, Appendix A). It is argued that retroactive application of *Blackwell II* could have unanticipated deleterious effects upon the recent operations of those governmental entities. The various agencies, boards and commissions, which had their respective terminations postponed by the Sunset Leadership Committee, continued to function and conduct business as usual. Many people dealt in good faith with these agencies, boards and commissions after their existences were continued by the Sunset Leadership Committee. Countless transactions were entered into affecting numerous persons. It is all of these transactions, the Commonwealth argues, which are at risk if *Blackwell II* is applied retroactively. We, however, believe that our decision here limiting application of *Blackwell II* to the instant appeals and all other pending cases wherein the issue of the validity of Section 4(4) was properly raised and preserved eliminates these concerns.

In support of its position, the Commonwealth cites a string of cases decided by this court wherein a new decision was given wholly prospective application: *Commonwealth v. Minarik*, 493 Pa. 573, 427 A.2d 623 (1981) (a new rule of

7. 71 P.S. § 1795.6.

procedure requiring that the record of a guilty plea must disclose that the elements of the crime or crimes were described to the accused in understandable terms is not of constitutional proportions and is applied prospectively.) (Per Larsen, J. with two Justices joining and three Justices concurring in the judgment); *Commonwealth v. Gravely*, 486 Pa. 194, 404 A.2d 1296 (1979) (decision announcing new rule that appellate courts will no longer review issues which are only raised in briefs presented in lower court, and that only those issues which are included in post-verdict motions will be considered preserved for appellate review, applied prospectively because of the possibility of reliance by counsel on previous decisions of this court); *Commonwealth v. Tarver*, 467 Pa. 401, 357 A.2d 539 (1976) (decision announcing a procedural rule not constitutionally based which adopts the "same criminal episode" or "same transaction" test for the joinder of offenses for trial applied prospectively); *Commonwealth v. Milliken*, 450 Pa. 310, 300 A.2d 78 (1973) (a new rule of court requiring a sufficient written record made contemporaneously with the issuance of a search warrant supporting the issuance of the warrant is not of constitutional dimensions and is applied prospectively). All of the above cases cited by the Commonwealth involve procedural rules having no constitutional implications. By contrast, the decision in *Blackwell II* involved a fundamental issue of constitutional dimensions.

On the other end of the spectrum, it is logically argued that Section 4(4) of the Sunset Act, being unconstitutional, is void *ab initio*. It is as though that portion of the statute had never been enacted. In spite of that logic, our citizens, nonetheless, were required to recognize the statute and all of its provisions and act in compliance with those provisions notwithstanding their invalidity. "[S]tatutory or even judge-made rules of law are hard facts on which people must rely in making decisions and in shaping their conduct." *Lemon v. Kurtzman*, 411 U.S. 192, 197, 93 S.Ct. 1463, 1468, 36 L.Ed.2d 151 (1973). In these circumstances, it would indeed be chaotic to act as though the offending

provision of the Sunset Act had never been enacted into law. We noted earlier that in concluding as we do, we have considered the countless unchallenged transactions by the Commission (and the various other agencies, boards and commissions) which are now final. Those transactions will not be upset or affected by our decision.

To sum up, our decision in *Blackwell II* announced no new principle of law, nor did it represent a clear break with precedent. Our holding in *Blackwell II*, that Section 4(4) of the Sunset Act is an unconstitutional delegation of legislative power, applied a fundamental principle of constitutional law to the legislative procedure established by the Sunset Act. We find no compelling reason to limit our holding in *Blackwell II* to wholly prospective application. "Where an appellate decision overrules prior law and announces a new principle, unless the decision specifically declares the ruling to be prospective only, the new rule is to be applied retroactively to cases where the issue in question is properly preserved at all stages of adjudication up to and including any direct appeal." *Commonwealth v. Cabeza*, 503 Pa. at 233, 469 A.2d at 148. Our decision in *Blackwell II* did not specifically declare it to be prospective only. Therefore, we hold that our ruling in *Blackwell II* shall apply to the instant appeal (*Blackwell II*, 162 E.D. Appeal Docket 1988), the instant consolidated appeals, and to all proceedings pending at the time of our decision in *Blackwell II* (December 13, 1989), wherein the issue of the constitutionality of the Leadership Committee postponement provision in Section 4(4) of the Sunset Act was timely raised and properly preserved at all stages of adjudication.

Accordingly, the order of the Commonwealth Court in *Commonwealth of Pennsylvania, State Ethics Commission v. Helen L.P. Anderson, et al.*, No. 10 M.D. Appeal Docket 1990 is affirmed; the case of *M.P., An Undisclosed Elected Official v. Commonwealth of Pennsylvania, State Ethics Commission*, No. 57 E.D. Appeal Docket 1990 is remanded to the Commonwealth Court for proceedings consistent with this opinion; the case of *West Shore School*

*District v. Pennsylvania Labor Relations Board, et al.,* No. 28 M.D. Appeal Docket 1990 is remanded to the Commonwealth Court for proceedings consistent with this opinion; and the order of the Commonwealth Court in the case of *Honorable Lucien Blackwell, Member of City Council of Philadelphia, Honorable David Cohen, Member of City Council of Philadelphia, Honorable Francis Rafferty, Member of City Council of Philadelphia v. Commonwealth of Pennsylvania, State Ethics Commission,* No. 7 E.D. Appeal Docket 1990 is affirmed.

This majority opinion is joined by NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS and CAPPY, JJ.

ZAPPALA, J., filed a concurring opinion joined NIX, C.J., and CAPPY, J.

McDERMOTT, J., did not participate in the consideration or decision of this case.

ZAPPALA, Justice, concurring.

I agree that the holding of *Blackwell v. Commonwealth, State Ethics Commission,* 523 Pa. 347, 567 A.2d 630 (1989) (*Blackwell II*), should be applied to that case and all cases pending at the time of that decision in which the issue had been raised and properly preserved. I write separately because I believe confusion could arise from Justice Larsen's imprecise use of terms and citations to authority with regard to prospective and retroactive application of decisions. Specifically, I believe the majority errs in describing *Chevron Oil Company v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), as setting out factors to be considered in determining whether a decision should be applied *"wholly prospectively"*, if, as it appears, the phrase "wholly prospectively" is intended to be synonymous with the phrase "purely prospective" as used on page 11 of the Opinion Announcing the Judgment of the Court.

The question in *Chevron Oil* was whether the Court's decision in *Rodrigue v. Aetna Casualty and Surety Co.,* 395 U.S. 352, 89 S.Ct. 1835, 23 L.Ed.2d 360 (1969), that state

law applied to claims arising out of injuries on off-shore drilling platforms, should be applied to Huson's case, which was in pre-trial discovery at the time *Rodrigue* was decided. Before *Rodrigue,* a line of federal appellate decisions had held that general admiralty law applied to such claims. Under this approach, the timeliness of Huson's claim was subject to the equitable doctrine of laches, and it had not been contested on this basis. The District Court, relying on *Rodrigue,* applied the state law one year statute of limitations and held the action time barred. The Supreme Court decided that it was inappropriate to give *Rodrigue* retroactive effect. *Rodrigue* had not been decided until more than three years after the injury; it would have been inequitable to hold Huson to a limitations period that had expired before he could have become aware of its applicability. The important point for purposes of this discussion, however, is to note that *Chevron Oil* involved whether to apply *Rodrigue* retroactively; the decision in *Rodrigue* had been applied to the parties in that case. Thus *Chevron Oil* was not a case involving "purely prospective application" of a new rule.

As Justice Larsen notes, we have recognized four approaches to deciding what effect to give to a decision announcing a new rule. For purposes of clarity, I believe each of these approaches should be consistently referred to by a single designation, and that cases employing them should be properly identified. The first approach, in which a new rule is not even applied to the parties to the case in which the rule is announced, may be described as giving the new rule "purely prospective effect". The second approach, in which the new rule is applied to the parties to the case in which the rule is announced and litigation commenced thereafter, is best described, I believe, as giving the new rule "prospective effect". *Chevron Oil/Rodrigue* presents such a situation. The third approach, in which the new rule is applied to the case in which it is announced and all other cases then pending on direct review where the issue is raised, may be said to give the new rule "retroac-

tive effect". This is the general rule adopted in *Commonwealth v. Cabeza*, 503 Pa. 228, 469 A.2d 146 (1983). The fourth approach, in which the new rule is applied even where the issue has been finally decided at the time of the decision announcing the new rule but later is asserted in collateral proceedings, may be described as giving the new rule "fully retroactive effect".

NIX, C.J., and CAPPY, J., join in this concurring opinion.