James Gilbert,                                    :
                Petitioner          :
                                      :
        v.                                      :
                                        :
Albert Einstein Medical Center          :
(Workers' Compensation                  :
Appeal Board),                          :   No. 1183 C.D. 2020
                Respondent          :   Submitted: June 3, 2022


BEFORE:   HONORABLE ANNE E. COVEY, Judge
              HONORABLE ELLEN CEISLER, Judge
              HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                           FILED: August 16, 2022

        James Gilbert (Claimant) petitions for review of the Workers'
Compensation (WC) Appeal Board's (Board) October 22, 2020 order affirming the
WC Judge's (WCJ) decision that granted Claimant's Petition to Reinstate WC
Benefits (Reinstatement Petition) to temporary total disability (TTD), effective
November 10, 2017, and denied Claimant's Petition to Modify his WC benefit status
(Modification Petition), effective June 15, 2006.  Claimant presents one issue for
this Court's review: whether the Board erred by failing to reinstate Claimant to TTD
status as of the date his WC benefits were modified based on an unconstitutional
Impairment Rating Evaluation (IRE).  After review, this Court affirms.

        On November 13, 2000, Claimant suffered an injury in the course and
scope of his employment with Albert Einstein Medical Center (Employer).  On
December 21, 2000, Employer issued a Notice of Compensation Payable that

described Claimant's November 13, 2000 work injury as a right cervical strain for which Employer paid Claimant TTD benefits. On June 1, 2006, Christopher Belletieri, M.D., performed an IRE, and determined that Claimant had reached maximum medical improvement from his November 13, 2000 work injury, and had a corresponding 35% whole-body impairment rating. In a February 6, 2007 Supplemental Agreement, Employer and Claimant agreed that Claimant's November 13, 2000 work injury should be described as cervical spine, C5-6 herniated disc with cervical radiculopathy, and that Claimant's WC benefit status changed from TTD to temporary partial disability (TPD) on June 15, 2006.

On November 10, 2017, Claimant filed the Modification Petition alleging that Claimant's WC benefit status should be modified from TPD to TTD as of June 15, 2006 (the effective date of the change in Claimant's WC benefit status as set forth in the Supplemental Agreement). Employer filed an Answer denying the material allegations in the Modification Petition. Also on November 10, 2017, Claimant filed the Reinstatement Petition alleging that Claimant's TTD benefit status should be reinstated as of January 12, 2016 (the day after Claimant's 500 weeks of TPD benefits ended). Employer filed an Answer denying the material allegations in the Reinstatement Petition.

On October 8, 2019, the WCJ granted Claimant's Reinstatement Petition effective November 10, 2017 (the date Claimant filed his Reinstatement Petition), and denied Claimant's Modification Petition. Claimant appealed to the Board. On October 22, 2020, the Board affirmed the WCJ's decision. Claimant appealed to this Court.[1]

---

[1] "Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated." *Pierson v. Workers' Comp. Appeal Bd. (Consol Pa. Coal Co. LLC)*, 252 A.3d 1169, 1172 n.3 (Pa. Cmwlth.), *appeal denied*, 261 A.3d 378 (Pa. 2021).

2

Claimant first argues that because in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017) (*Protz II*), the Pennsylvania Supreme Court declared Section 306(a.2) of the WC Act (Act)[2] unconstitutional, the entire IRE section has been stricken from the Act. Therefore, Claimant asserts that *Protz II* must be given full retroactive effect rendering all IREs performed pursuant to Section 306(a.2) of the Act, and all the legal effects therefrom, void *ab initio*.

Initially, Act 111 replaced former Section 306(a.2) of the Act with Section 306(a.3) of the Act, which declares, in pertinent part:

> (1) **When an employe has received total disability compensation** . . . **for a period of [104] weeks, unless otherwise agreed to, the employe shall be required to submit to a medical examination which shall be requested by the insurer within [60] days upon the expiration of the [104] weeks to determine the degree of impairment due to the compensable injury, if any.** The degree of impairment shall be determined based upon an evaluation by a physician . . . pursuant to the [American Medical Association (AMA) 'Guides,'] 6th edition (second printing April 2009).
>
> (2) **If such determination results in an impairment rating that meets a threshold impairment rating that is equal to or greater than [35%] impairment under the [AMA 'Guides,'] 6th edition (second printing April 2009), the employe shall be presumed to be totally disabled and shall continue to receive total disability compensation benefits . . . . If such determination results in an impairment rating less than [35%] impairment under the [AMA 'Guides,'] 6th edition (second printing April 2009), the employe shall then receive partial disability benefits** . . . : Provided, however, That no reduction shall be made until [60] days' notice of modification is given.

[2] Section 306(a.2) of the Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. § 511.2, was repealed by the Act of October 24, 2018, P.L. 714, No. 111 (Act 111), and replaced by Section 306(a.3) of the Act.

3

(3) Unless otherwise adjudicated or agreed to based upon a determination of earning power . . . , the amount of compensation shall not be affected as a result of the change in disability status and shall remain the same. An insurer or employe may, at any time prior to or during the [500]-week period of partial disability, show that the employe's earning power has changed.

(4) An employe may appeal the change to partial disability at any time during the [500]-week period of partial disability[:] Provided, That there is a determination that the employe meets the threshold impairment rating that is equal to or greater than [35%] impairment under the [AMA 'Guides,'] 6th edition (second printing April 2009).

(5) Total disability shall continue until it is adjudicated or agreed . . . that total disability has ceased or the employe's condition improves to an impairment rating that is less than [35%] of the degree of impairment defined under the [AMA 'Guides,'] 6th edition (second printing April 2009).

(6) Upon request of the insurer, the employe shall submit to an [IRE] in accordance with the provisions of [S]ection 314 [of the Act] to determine the status of impairment: Provided, however, That for purposes of this clause, the employe shall not be required to submit to more than [2] [IREs] under this clause during a [12]-month period.

(7) In no event shall the total number of weeks of partial disability exceed [500] weeks for any injury or recurrence thereof, regardless of the changes in status in disability that may occur. In no event shall the total number of weeks of total disability exceed [104] weeks for any employe who does not meet a threshold impairment rating that is equal to or greater than [35%] impairment under the [AMA 'Guides,'] 6th edition (second printing April 2009), for any injury or recurrence thereof.

77 P.S. § 511.3 (emphasis added).

Section 3 of Act 111 further provides, in relevant part:

(1) For the purposes of determining whether an employee shall submit to a medical examination to determine the degree of impairment and whether an employee has received total disability compensation for the period of

4

104 weeks under [S]ection 306(a.3)(1) of the [A]ct, **an insurer shall be given credit for weeks of total disability compensation paid prior to the effective date of this paragraph**. This section shall not be construed to alter the requirements of [S]ection 306(a.3) of the [A]ct.

(2) For the purposes of determining the total number of weeks of partial disability compensation payable under [S]ection 306(a.3)(7) of the [A]ct, **an insurer shall be given credit for weeks of partial disability compensation paid prior to the effective date of this paragraph**.

Act 111, § 3(1), (2) (emphasis added).

Claimant specifically contends that the Board erred as a matter of law by relying on *Whitfield v. Workers' Compensation Appeal Board (Tenet Health System Hahnemann LLC)*, 188 A.3d 599 (Pa. Cmwlth. 2018) (*en banc*),[3] and *Dana Holding Corp. v. Workers' Compensation Appeal Board (Smuck)*, 232 A.3d 629 (Pa. 2020) (*Dana II*), in reinstating Claimant's WC benefits to TTD status as of the date that he filed his Reinstatement Petition, rather than reinstating him to TTD status as of June 15, 2006, the effective date of the unconstitutional IRE, because *Whitfield* was improperly decided, and the Board misapplied the holding of *Dana II*.

This Court rejected Claimant's argument in *City of Pittsburgh v. Workers' Compensation Appeal Board (Donovan)*, 252 A.3d 1189 (Pa. Cmwlth. 2021), explaining:

> In *Weidenhammer* [*v. Workers' Compensation Appeal Board (Albright College)*, 232 A.3d 986 (Pa. Cmwlth. 2020)], decided just last year, this Court reaffirmed *Whitfield's* approach. Unlike the claimants in *Whitfield* . . . , the claimant in *Weidenhammer* sought reinstatement of her total disability status *beyond* the three-year period provided in [S]ection 413(a) of the Act[, 77 P.S. § 772]; she thus sought a determination that *Protz II* is fully retroactive and affords her relief despite the

---

[3] *Whitfield* was decided June 6, 2018. The *Whitfield* Court held that the proper date for modification based on an unconstitutional IRE is the date the reinstatement petition is filed.

statutory time limitation. [*See*] *Weidenhammer*, 232 A.3d at 988-89. This Court declined to so hold. After discussing the principles governing the retroactive application of a new rule of law, as expounded by our Supreme Court in *Blackwell v. State Ethics Commission*, . . . 589 A.2d 1094 ([Pa.] 1991) . . . , this Court in *Weidenhammer* held that "**the ruling in *Protz II* was not intended to be given a fully retroactive effect, without regard to the statute of repose in [S]ection 413(a) of the Act** . . . ." *Weidenhammer*, 232 A.3d at 995. In light of *Whitfield* and [*Dana Holding Corp. v. Workers' Compensation Appeal Board (Smuck)*, 195 A.3d 635 (Pa. Cmwlth. 2018) (*en banc*) (]*Dana I*[)[4]], [this Court] summarized, "***Protz II* applies to cases in active litigation when the Supreme Court issued its decision *or where a reinstatement petition is filed within three years of the most recent compensation payment* in accordance with [S]ection 413(a) of the Act** . . . ." *Weidenhammer*, 232 A.3d at 991 (emphasis added). Because the claimant in *Weidenhammer* had not sought reinstatement of her total disability status within the three years provided by [S]ection 413(a) of the Act, and because her challenge was not preserved in active litigation at the time *Protz II* was decided, the claimant was not entitled to relief.

*City of Pittsburgh*, 252 A.3d at 1198 (bold emphasis added). "Notably, like [Claimant] in this appeal, the claimant in *Weidenhammer* argued that *Whitfield* was wrongly decided and should be overruled. This Court rejected that contention. *See Weidenhammer*, 232 A.3d at 995-96." *City of Pittsburgh*, 252 A.3d at 1198 n.11.

Similarly, here, Claimant filed his Reinstatement Petition well over the three years afforded by Section 413(a) of the Act. Because Claimant "had not sought reinstatement of [his] [TTD] status within the three years provided by [S]ection 413(a) of the Act, and because [his] challenge was not preserved in active litigation

---

[4] In *Dana I*, this Court held that "*Protz II* applies to cases where the underlying IRE was actively being litigated when that decision was issued[.]" *Dana I*, 195 A.3d at 643. Our Supreme Court affirmed this Court's *Dana I* decision on June 16, 2020. *See Dana II*.

6

at the time *Protz II* was decided, [] [C]laimant [is] not entitled to relief." *City of Pittsburgh*, 252 A.3d at 1198.

        For all of the above reasons, the Board's order is affirmed.

                                    _____

                                    ANNE E. COVEY, Judge

Judge Fizzano Cannon did not participate in the decision in this matter.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Gilbert, :
             Petitioner :
          :
         v. :
          :
Albert Einstein Medical Center :
(Workers' Compensation :
Appeal Board), : No. 1183 C.D. 2020
             Respondent :

## O R D E R

AND NOW, this 16th day of August, 2022, the Workers' Compensation Appeal Board's October 22, 2020 order is affirmed.


_____
ANNE E. COVEY, Judge