**[J-95-2019] [MO: Saylor, C.J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| DANA HOLDING CORPORATION, | : | No. 44 MAP 2019 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Commonwealth Court at No. 1869 |
| | : | CD 2017 dated October 11, 2018 |
| v. | : | Affirming the Order of the Workers' |
| | : | Compensation Appeal Board at No. |
| | : | A16-1266 dated November 28, |
| WORKERS' COMPENSATION APPEAL | : | 2017. |
| BOARD (SMUCK), | : | |
| | : | ARGUED: November 19, 2019 |
| Appellees | : | |

## CONCURRING OPINION

**JUSTICE DOUGHERTY**            **DECIDED: June 16, 2020**

I join parts I(A)-(B) and II of the Majority Opinion and concur in the result as to parts I(C)-(F). I write separately because, in my view, *Blackwell v. Com., State Ethics Comm'n*, 589 A.2d 1094 (Pa. 1991), directs that we apply the analysis set forth in *Chevron Oil Co. v. Huson*, 404 U.S. 97 (1971), in the present appeal. As the Majority recounts, we held in *Protz v. Workers' Comp. Appeal Bd. (Derry Area Sch. Dist.)*, 161 A.3d 827 (Pa. 2017), that Section 306(a.2) of the Workers' Compensation Act, 77 P.S. §511.2, effected an unconstitutional delegation of legislative authority. *See* Majority Opinion, slip op. at 3. Because the appellee-claimant's case was pending at the time *Protz* was decided, the Workers' Compensation Appeal Board (WCAB) applied our decision retroactively to his case, and the Commonwealth Court affirmed. Appellant-employer challenges these rulings.

*Blackwell*, this Court's seminal decision concerning retroactive versus prospective application of a prior judicial decision, is not a model of clarity. However, I glean from its holding two important principles. First, we do not apply Pennsylvania's general rule of retroactivity mechanically;[1] instead we consider whether a judicial decision applies retroactively or prospectively on a case-by-case basis in the context of a balancing test, *i.e. Chevron Oil* in civil cases, and *Linkletter v. Walker*, 381 U.S. 618 (1965), in the criminal context.[2] *See Blackwell*, 589 A.2d at 1099-1100; *see, e.g.*, *Passarello v. Grumbine*, 87

---

[1] Pennsylvania's general rule commands "that we apply the law in effect at the time of the appellate decision." *Blackwell*, 589 A.2d at 1099, *citing Commonwealth v. Cabeza*, 469 A.2d 146 (Pa. 1983); *see also id.* ("This means that we adhere to the principle that, a party whose case is pending on direct appeal is entitled to the benefit of changes in law which occur[ ] before the judgment becomes final.") (internal quotations and citation omitted).

[2] The *Chevron Oil* test requires:

> First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied . . . or by deciding an issue of first impression whose resolution was not clearly foreshadowed. . . . Second, it has been stressed that we must weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation. . . . Finally, we have weighed the inequity imposed by retroactive application, for where a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the injustice or hardship by a holding of nonretroactivity.

*Blackwell*, 589 A.2d at 1100, *quoting Chevron Oil*, 404 U.S. at 106-07 (internal quotations omitted).

The *Chevron Oil* and *Linkletter* tests are nearly identical and despite *Blackwell*'s application of both, courts need only apply one. This Court has recognized as much while taking into consideration the tests' respective roots in the civil and criminal context. *See, e.g.*, *Oz Gas*, *infra* (applying only *Chevron Oil* in a civil case); *Christy*, *infra* (same); *cf. Am. Trucking Ass'n, Inc. v. Smith*, 496 U.S. 167, 178 (1990) (recognizing *Chevron Oil*'s civil origins and application in that context). Thus, I cannot agree with the Majority that it

A.3d 285, 307 (Pa. 2014) (conducting balancing test pursuant to *Blackwell* without "rotely" applying Pennsylvania's general rule); *Oz Gas, Ltd. v. Warren Area Sch. Dist.*, 938 A.2d 274, 283 (Pa. 2007) (conducting *Chevron Oil* balancing test); *Bugosh v. I.U. North Am., Inc.*, 971 A.2d 1228, 1242 n.25 (Pa. 2009) (*per curiam*) (Saylor, J., dissenting) (although *Chevron Oil* was overruled in the federal arena by *Harper v. Va. Dep't of Taxation*, 509 U.S. 86 (1993), *Oz Gas* recognized its continued viability in Pennsylvania jurisprudence). Second, when this Court applies a fundamental, well-established principle of constitutional law in a new subject area, that is, in a situation where it has not yet been applied, the Court does not "announce a new rule of law" for purposes of determining retroactivity. *See Blackwell*, 589 A.2d at 1102; *see, e.g.*, *Fiore v. White*, 757 A.2d 842, 847 (Pa. 2000) (citing *Blackwell* for proposition that a new rule is not announced when the court applies fundamental principles of constitutional law).

The Majority does not cite or mention either *Chevron Oil* or *Blackwell* in its analysis. *See* Majority Opinion, slip op. at 29-31. Instead, it concludes: "Ultimately, we find that the inertia favoring application of the general rule of retroactive application to cases pending on direct appeal should control." *Id.* at 30. The Majority also does not expressly state whether *Protz* announced a new rule of law,[3] but does accord short consideration

---

is somehow "inconsistent" to recognize their similarities while considering the context in which the test will apply. Majority Opinion, slip op. at 31.

[3] In the Commonwealth Court, both parties agreed that *Protz* announced a new rule of law. The Commonwealth Court apparently concurred without expressly stating it. Before this Court, however, appellee argues that *Protz* did not announce a new rule of law; in doing so, appellee relies on *Blackwell*'s holding that when a court applies a fundamental principle of constitutional law it does not announce a new rule of law. *See* Appellee's Brief at 10-11. Appellant acknowledges that despite this shift in appellee's argument, "[t]his Court is not bound by the Commonwealth Court's determination" that a new rule was announced. Appellant's Reply Brief at 2. Indeed, the lower panel's application of *Blackwell* (albeit in the form of *Linkletter*) implicates a legal question over which our review is *de novo*. *Summers v. Certainteed Corp.*, 997 A.2d 1152, 1159 (Pa. 2010). The Majority does not expressly address appellee's new rule argument.

to each party's reliance interests. *Id.* at 29-31. To me, it is unclear whether the Majority accepts the lower panel's conclusion that *Protz* announced a new rule of law and engages in that balancing in an attempt to follow *Blackwell*, or if it is following the "inertia" of law away from *Chevron Oil* and toward general retroactive application. *See id.* at 14-26 (recognizing that federal courts abandoned the *Chevron Oil* test in favor of a general rule of retroactive application and that *Chevron Oil*'s application is especially challenging). In my view, a *Chevron Oil* analysis is warranted here, beginning with a determination of whether or not *Protz* announced a new rule of law.

Moreover, the Majority's approach casts doubt on the viability of *Blackwell* and its mandate to apply *Chevron Oil* in the civil context. *See id.* at 26 ("relative to cases pending on direct appeal in which the pertinent issue has been raised and preserved, the current state of Pennsylvania law — in effect — appears to more closely resemble [the federal approach] than *Linkletter* and *Chevron* [*Oil*]"). Notably, this is not the first time this Court's application of *Chevron Oil* has been called into question since *Harper*. *See Christy v. Cranberry Volunteer Ambulance Corps, Inc.*, 856 A.2d 43, 51-52 (Pa. 2004) ("While Pennsylvania has traditionally used the analysis set forth in *Chevron Oil*, the decision of the Supreme Court in *Harper* further strengthens the general principle that changes in law are to be applied retroactively to pending cases.") (footnote omitted); *Bugosh*, 971 A.2d at 1242 n.25 (*per curiam*) (Saylor, J., dissenting) (citing *Christy*'s reservations about *Chevron Oil* in light of *Harper*). To the extent the Majority concludes *Chevron Oil* is no longer applicable — aligning this Court's position with federal jurisprudence — it should explicitly overrule *Blackwell*. Absent an express holding to the contrary, in my view, *Blackwell* controls.

Accordingly, I would apply *Chevron Oil* as *Blackwell* instructs. Initially, I note this case does not include one of the unique subject areas identified by this Court where

prospective application is preferred. *See, e.g., Oz Gas*, 938 A.2d at 283 (holding a decision declaring a tax statute invalid is applied prospectively); *see also* Majority Opinion, slip op. at 30 (citing other subject areas). Cognizant not to apply our general rule of retroactive application "rotely," I consider *Chevron Oil's* first prong — whether a new rule of law was announced. *See Passarello*, 87 A.3d at 308. Here, the *Protz* Court applied a fundamental constitutional principle — the non-delegation doctrine — to Section 306(a.2) for the first time. *Blackwell* instructs that in such circumstances, the decision did not announce a new rule of law.[4] 589 A.2d at 1102. Accordingly, I concur in the Court's determination that *Protz* applies retroactively to all cases pending on appeal at the time it was decided, including the present matter.

---

[4] The Majority asserts its "hesitation" to apply *Blackwell* outright is that its holding was "framed" as applicable only when a new rule of law is announced. *See* Majority Opinion, slip op. at 32. However, the *Blackwell* Court never determined a new rule was announced before applying *Linkletter*. When the Court finally did reach that threshold question — as part of its *Chevron Oil* analysis — it held no new rule of law was announced. *See Blackwell*, 589 A.2d at 1100, 1102. When considered in that light, the weight we afford to the Court's inconsistent suggestion that a new rule **was** announced, *see id.* at 1102, should be minimal. Thus, in my view, we should not hesitate to apply *Blackwell* here as long as we also make clear that application of a fundamental constitutional principle in a new situation does not constitute the announcement of a "new rule of law."