IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kenneth Elliott,                                          :
                              Petitioner                  :
                                                         :
                                                         :
                  v.                                      :
                                                         :
City of Pittsburgh (Workers'                             :
Compensation Appeal Board),                              :    No. 1225 C.D. 2023
                              Respondent     :    Submitted: October 8, 2024

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
                 HONORABLE CHRISTINE FIZZANO CANNON, Judge (P.)
                 HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                              FILED: November 14, 2024


        Kenneth Elliott (Claimant) petitions for review from the October 25,
2023, order of the Workers' Compensation Appeal Board (Board), which affirmed
a February 15, 2023, order of the Workers' Compensation Judge (WCJ). The WCJ
denied Claimant's reinstatement petition after finding that Claimant had already
received 500 weeks of temporary partial disability benefits (TPD) after several status
changes based on impairment rating evaluations (IREs). Upon review, we affirm.


                    **I. Factual & Procedural Background**

        The underlying facts are not in dispute. Claimant sustained a disabling
work-related injury on August 25, 2003. Certified Record (C.R.) at 53. He was
awarded TPD from December 28, 2003, through November 14, 2004 (46 weeks),
based on working for less than his average weekly wage after the injury. *Id*. He
went out of work and began receiving temporary total disability (TTD) benefits after

November 14, 2004. *Id.* In December 2012, he underwent his first IRE, which returned an impairment rating of nine percent, after which his status was modified in March 2014 to TPD as of the December 2012 IRE. *Id.* He did not appeal that determination, which limited him to 500 weeks of TPD benefits. *Id.*

In June 2017, our Supreme Court issued its decision in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017) (*Protz II*), which struck the IRE provisions in former Section 306(a.2) of the Workers' Compensation Act[1] as violative of the Pennsylvania Constitution's non-delegation principles. The General Assembly restored the IRE process in Act 111 of 2018, which replaced former Section 306(a.2) and became effective as Section 306(a.3) in October 2018. Act 111 maintained the 500-week TPD limit and included provisions allowing employers to claim credit for weeks of benefits paid to claimants prior to its effective date. *See* Act 111, § 3(1), (2).

In April 2021, before Claimant's 500 weeks of TPD benefits elapsed, he filed a reinstatement petition seeking to restore his TTD status as of the December 2012 IRE date pursuant to *Protz II*. C.R. at 54. The WCJ granted the petition, but because Claimant had not previously appealed the constitutionality of the initial IRE, the WCJ restored Claimant's TTD status only as of his April 2021 petition date, pursuant to *Whitfield v. Workers' Compensation Appeal Board (Tenet Health System Hahnemann LLC)*, 188 A.3d 599, 616-17 (Pa. Cmwlth. 2018) (stating that this approach "does not alter [the claimant's] past status. Rather, it gives effect to [her] status as it existed at the time she filed her reinstatement petition"). *Id.* Claimant

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by Section 4 of the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. § 511.2, repealed by the Act of October 24, 2018, P.L. 714, No. 111 (Act 111).

appealed to the Board, which affirmed, and then to this Court, which also affirmed. *See Elliott v. City of Pittsburgh (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 352 C.D. 2022, filed Feb. 6, 2023), 2023 WL 1773950 (unreported) (*Elliott I*).

On September 8, 2021, Claimant underwent a second IRE pursuant to Act 111. C.R. at 54. The IRE returned an impairment rating of eight percent; subsequently, the WCJ granted Employer's modification petition, which returned Claimant from TTD status to TPD status as of the September 2021 IRE. *Id*. at 55. Claimant appealed to the Board, challenging the constitutionality of Act 111's credit provisions; the Board affirmed, as did this Court. *See Elliott v. City of Pittsburgh (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 885 C.D. 2022, filed Nov. 6, 2023), slip op. at 4-9, 2023 WL 7292964, at \*\*2-4 (unreported) (*Elliott II*) (stating that Act 111's credit provisions do not violate the due process or due course of law protections of the Pennsylvania Constitution or article III, section 18 of the Pennsylvania Constitution, Pa. Const. art. III, § 18, which requires "reasonable compensation" for injured workers).

While *Elliott II* was pending in this Court, Claimant filed the instant reinstatement petition on March 21, 2022, again challenging the constitutionality of Act 111's credit provisions on different grounds that will be addressed below. C.R. at 55. Employer presented evidence that after the various conversions between TTD and TPD status, Claimant's 500 weeks of TPD eligibility elapsed on February 1, 2022. *Id*. at 32. The WCJ agreed and denied Claimant's petition in a February 15, 2023, decision and order, which the Board affirmed in an October 25, 2023, decision and order.[2] *Id*. at 28-35 & 51-62. Claimant timely appealed to this Court.

---

[2] The Board noted that the WCJ denied Claimant's penalty petition regarding Employer's unilateral cessation of benefits and that Claimant had not appealed that determination. Certified

## II. Issue & Parties' Arguments

Claimant argues that Act 111 and this Court's cases upholding its credit provisions, beginning with *Pierson v. Workers' Compensation Appeal Board (Consol Pennsylvania Coal Company LLC)*, 252 A.3d 1169 (Pa. Cmwlth. 2021), have *sub silentio* overruled *Protz II* and "given new life to a dead provision" (former Section 306(a.2)).[3] Claimant's Br. at 20-21 & 28. Claimant asserts that language in *Dana Holding Corp. v. Workers' Compensation Appeal Board (Smuck)*, 232 A.3d 629 (Pa. 2020), recognizes claimants' "vested rights to continuing compensation" in this context. Claimant's Br. at 21-24 & 29. As such, Claimant maintains that Employer may not be credited for any TPD weeks paid after his now-invalid December 2012 IRE.[4] *Id.* at 30. Employer replies that *Dana Holding* is not applicable here and that this Court's cases upholding Act 111's credit provisions were correctly decided. Employer's Br. at 13-16.

## III. Discussion

In *Dana Holding*, the claimant was injured in 2000 and began receiving TTD in 2003. 232 A.3d at 632. The claimant underwent an IRE in 2014, which returned an impairment rating of 11%. *Id.* The employer filed a modification

---

Record (C.R.) at 55 n.3. The Board also modified the WCJ's July 2022 decision to correct an undisputed typographical error regarding the number of weeks of TPD Claimant had received. *Id.* at 56. Neither of these aspects of the Board's opinion is at issue here.

[3] "This Court's review in workers' compensation appeals is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated." *Whitfield v. Workers' Comp. Appeal Bd. (Tenet Health Sys. Hahnemann LLC)*, 188 A.3d 599, 605 n.5 (Pa. Cmwlth. 2018).

[4] The only TPD for which Claimant would concede Employer is entitled to credit is the 46 weeks Claimant received when he worked at less than his average weekly wage after his injury from December 2003 through November 2004. Claimant's Br. at 30 n.2.

4

petition to convert the claimant's status from TTD to TPD and the claimant filed a review petition challenging the IRE on the basis that he had not reached maximum medical improvement. *Id*. While those matters in *Dana Holding* were before the WCJ, this Court issued its decision in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.3d 406 (Pa. Cmwlth. 2015) (*Protz I*), deeming former Section 306(a.2) unconstitutional but not striking it from the Act as our Supreme Court ultimately did in *Protz II*. *Id*. at 633. In November 2016, the WCJ in *Dana Holding*, apparently not taking *Protz I* into consideration, found for the employer and modified the claimant's status to TPD as of the June 2014 IRE based on former Section 306(a.2). 232 A.3d at 633.

The claimant appealed to the Board and the case was stayed pending our Supreme Court's decision in *Protz II*, after which the Board reversed the WCJ's determination and reinstated the claimant's TTD as of the June 2014 IRE. 232 A.3d at 633. On the employer's appeal, this Court affirmed in 2018, holding that *Protz II* applied because it was issued while the underlying IRE was still being litigated and because the employer should not benefit from an unconstitutional law (former Section 306(a.2)). *Id*. Our Supreme Court accepted the employer's appeal. *Id*. at 635.

The Supreme Court first specified that its consideration was limited to cases, like the one before it, that were actively being litigated or on appeal and in which constitutional non-delegation (based on this Court's holding in *Protz I*) had already been raised when the Supreme Court issued *Protz II* and struck former Section 306(a.2) in June 2017. *Id*. at 636-37. The Court then engaged in a detailed review of retroactivity with regard to judicial rulings declaring a statute unconstitutional. 232 A.3d at 637-40. The Court noted that an older approach was

5

to deem unconstitutional statutes void *ab initio*, but that modern courts, including those in Pennsylvania, had adopted a general rule that the impact of holding a statute unconstitutional would be limited to "cases pending on direct appeal in which the issue has been preserved," although the question is one of judicial discretion and courts have some leeway to conduct a "balancing assessment" of equities.[5]  *Id*. at 644-645 (discussing *Blackwell v. State Ethics Comm'n*, 589 A.2d 1094, 1099 (Pa. 1991)).

Accordingly, the Court considered the equities in *Dana Holding* and stated the following regarding the claimant's interests:

> **[The c]laimant had a right to be free from an unconstitutional delegation of legislative power affecting his substantive rights**, which will be vindicated here.  Significantly, this case arises in the landscape of the substantial compromises and tradeoffs effected in a workers' compensation system, to which this Court has alluded many times.  **And the claimants' interests are substantially elevated in the IRE context, in light of the "severe and explicit repercussions . . . upon [a] claimant's entitlement to continuing benefits," without any evaluation (administrative, judicial, or otherwise) of the traditional disability considerations of ability to work and job availability.**

232 A.3d at 647-48 (citations omitted and emphasis added as by Claimant).

Claimant asserts that with the quoted language, our Supreme Court expressed that claimants have a vested "entitlement to continuing benefits" in the post-*Protz II* context that has been "either lost or ignored" by this Court's recent

---

[5] Despite our Supreme Court's conclusion that the void *ab initio* doctrine is largely outdated or at least greatly limited, claimants (including Claimant here) have argued repeatedly and unsuccessfully that the Supreme Court's striking of former Section 306(a.2) in *Protz II* rendered that provision void *ab initio*.  *See, e.g.*, *Elliott II*, slip op. at 4-5, 2023 WL 7292964, at *2; *Elliott I*, slip op. at 5-6, 2023 WL 1773950, at *3.

cases and which is not dependent on whether a case was being actively litigated or on appeal when *Protz II* was issued. Claimant's Br. at 24. Claimant's approach ignores the clear purpose of the quoted language. It was not a statement of substantive law *per se*, but simply part of the Court's balancing to determine whether *Protz II* could be applied to reinstate the claimant's TTD status as of the date of his original IRE. 232 A.3d at 647. The Court answered that question in the affirmative, specifically because the case was on appeal and the issue had already been preserved when *Protz II* was issued, placing it within the ambit of the general rule for retroactive application of judicial decisions holding a statute unconstitutional. 232 A.3d at 647-48.

In *White v. Workers' Compensation Appeal Board (City of Philadelphia)*, 237 A.3d 1225 (Pa. Cmwlth. 2020), the claimant did not rely on the specific language in *Dana Holding* that Claimant emphasizes here, but our evaluation of the legal landscape is applicable:

> [The claimant] previously had her benefits modified from total to partial disability effective 2013, did not appeal that decision, and is seeking reinstatement of her benefits, via a reinstatement petition filed in October 2015, after the decision in *Protz I*. This makes [her] more like the claimant in *Whitfield* than the claimant in *Dana Holding*, who was still in the process of litigating [his] reinstatement petition when *Protz I* and its progeny began to be decided. . . . Accordingly, [the claimant] is entitled to reinstatement as of the date of her reinstatement petition, not the effective date of the change in her disability status from total to partial.

*Id*. at 1231 (citations omitted).

Here, as in *Whitfield* and *White* and unlike in *Dana Holding*, Claimant's status was modified from TTD to TPD after a December 2012 IRE, his first, which he never appealed. After *Protz II*, he filed a petition in April 2021 seeking

7

reinstatement of his TTD status as of his December 2012 IRE. In *Elliott I*, this Court held that Claimant's first IRE was invalid, but his failure or inability to litigate its constitutionality prior to either *Protz I* or *Protz II* meant that his TTD status could only be restored as of his April 2021 petition date. After Claimant's second IRE in September 2021, he challenged the applicability of Act 111's credit provisions, which this Court upheld in *Elliott II*.

Claimant now challenges Pennsylvania's post-*Protz* IRE laws for the third time. However, he relies on language in *Dana Holding* that, as addressed above, is not applicable to this case and cannot be used to compel a different outcome; nor has he established that this Court's multiple cases upholding Act 111's credit provisions, beginning with *Pierson*, are in error. He argues that *Protz II*'s striking of former Section 306(a.2) rendered that statutory provision void *ab initio* and, accordingly, that claimants in this context have a vested right to "continuing" or "ongoing" TTD benefits as of their original IRE dates. *See* Claimant's Br. at 21, 24, 27. Neither of these premises is correct.

As noted above, our Supreme Court explained in *Dana Holding* that the void *ab initio* doctrine is no longer the automatic or recognized approach for application of a judicial decision finding a statute invalid and that only claimants whose IREs were being litigated or appealed on the basis of non-delegation at the time *Protz II* was issued in June 2017 were eligible for TTD restoration as of their pre-*Protz* IRE dates. 232 A.3d at 640. Further, as we have repeatedly explained, claimants do retain "a certain right to benefits until such time as [they are] found to be ineligible for them," although they "do not acquire a vested right in total disability status at any given time because that status has always been subject to potential litigation by employers." *DiPaolo v. UPMC Magee Women's Hosp. (Workers'*

8

*Comp. Appeal Bd.)*, 278 A.3d 430, 435-36 (Pa. Cmwlth. 2022); *see also Elliott II*, slip op. at 5, 2023 WL 7292964, at *2 (quoting *DiPaolo*).

Finally, Claimant's argument that Act 111 and this Court's post-*Protz II* cases have *sub silentio* overruled *Protz II* is unfounded. *Protz II* did not invalidate former Section 306(a.2) on the basis that it violated a right enshrined in article I of the Pennsylvania Constitution, such as due process or due course of law, or the article III guarantee that a workers' compensation claimant is entitled to reasonable compensation. Instead, former Section 306(a.2) was struck because its statement that impairment was to be rated using "the most recent edition" of the American Medical Association *Guides to the Evaluation of Permanent Impairment* (AMA Guides) delegated the General Assembly's legislative power to a private entity without providing the necessary guardrails to ensure the lawful exercise of that delegation: sufficient legislative policy choices and adequate standards. *Protz II*, 161 A.3d at 835-40. In response, the General Assembly enacted Act 111 with new Section 306(a.3), which removed the "most recent edition of the AMA Guides" language and specifically adopted the Sixth Edition (second printing) of the AMA Guides. In *Pennsylvania AFL-CIO v. Commonwealth*, 219 A.3d 306, 316-17 (Pa. Cmwlth. 2019), this Court concluded that Act 111 cured the delegation defect because the General Assembly now retains the authority to revisit the issue and amend the Act whenever it chooses, including when or if the AMA issues the next version of the AMA Guides.

The losing party in *Pennsylvania AFL-CIO* did not seek further review by our Supreme Court and it has been relied upon in many cases upholding application of Act 111's credit provisions where the claimant's TPD status was established prior to either *Protz I* or *Protz II*. *See, e.g.*, *Pierson*, 252 A.3d 1169,

9

*appeal denied*, 261 A.3d 378 (Pa. 2021). Neither Act 111 nor these cases have *sub silentio* overruled *Protz II*. Rather, the General Assembly heeded *Protz II* and enacted a new IRE provision that cured the previous defect. This Court has applied that new law consistently, as we do in this case to conclude that Claimant has not established a basis to invalidate Act 111's credit provisions. Based on those valid provisions, the WCJ did not err in concluding that Claimant's 500 weeks of TPD eligibility elapsed on February 1, 2022. *See* C.R. at 32-34.

In closing, the following passage from a recent case rejecting an IRE challenge relying on different language in *Dana Holding* resonates here:

> While we are sympathetic to the position that [the claimant] is in, it is no different than that of many other claimants who also face the cessation of their WC indemnity benefits under these or similar circumstances. It may be unfortunate for claimants, but it is not an extraordinary position as it reflects the balancing of interests the General Assembly engaged in when it enacted Act 111.[6] [The claimant] has not cited any cases where these types of interests render inapplicable a general rule of law, and we are unaware of any such cases.

*Dunetz v. Charles H. Sacks D.M.D., P.C. (Workers' Comp. Appeal Bd.)*, 304 A.3d 134, 142 (Pa. Cmwlth. 2023) (declining to conduct equitable balancing for a claimant whose IRE-based TPD status preceded *Protz I* and *Protz II*).

---

[6] Act 111's employer-friendly credit provisions were balanced by the General Assembly's amendment of the former IRE provisions to lower the impairment rating necessary to retain TTD status from 50% to 35%, "making it more difficult for employers to change total disability status to partial disability status." *DiPaolo v. UPMC Magee Women's Hosp. (Workers' Comp. Appeal Bd.)*, 278 A.3d 430, 432 (Pa. Cmwlth. 2022).

## IV. Conclusion

In light of the foregoing, Claimant's arguments in this appeal are meritless, and the Board's order will be affirmed.

_____
CHRISTINE FIZZANO CANNON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kenneth Elliott,
                      Petitioner

          v.

City of Pittsburgh (Workers'
Compensation Appeal Board),     :   No. 1225 C.D. 2023
                  Respondent

# **O R D E R**

AND NOW, this 14th day of November, 2024, the October 25, 2023, order of the Workers' Compensation Appeal Board is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge