# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles McCloud,                          :
                          Petitioner       :
                                          :
                v.                        :    No.  8 C.D. 2022
                                          :    Submitted:  July 29, 2022
City of Philadelphia (Workers'            :
Compensation Appeal Board),               :
                          Respondent       :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE LORI A. DUMAS, Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**         **FILED: March 29, 2023**

Charles McCloud (Claimant) petitions for review of a December 8, 2021 Order of the Workers' Compensation Appeal Board (Board) that affirmed the June 9, 2021 Decision of a Workers' Compensation Judge (WCJ), granting Claimant's Reinstatement Petition and reinstating Claimant to total temporary disability (TTD) as of November 26, 2019.[1]  The sole issue before the Court is the appropriate date of reinstatement.  The WCJ and Board reinstated Claimant's TTD status as of the date Claimant filed the Reinstatement Petition.  Claimant argues he should have been reinstated as of August 27, 2012, the date of the original impairment rating evaluation (IRE), which resulted in the modification of Claimant's disability status. Consistent with this Court's precedent, we affirm.

---

[1] The WCJ also denied the Termination Petition filed by the City of Philadelphia (Employer), which it did not appeal.

The pertinent facts of this matter are undisputed. On December 17, 2003, Claimant suffered a work-related injury in the course and scope of his employment with the City of Philadelphia (Employer). Employer issued an amended Notice of Compensation Payable accepting the work injury as a "foot, sprain or tear, sprained R foot." (WCJ Decision, Finding of Fact ¶ 6.) On August 27, 2012, Claimant underwent an IRE that found Claimant had a whole-body impairment of three percent. Thereafter, Employer filed a Petition to Modify Compensation Benefits, seeking to modify Claimant's TTD status to partial disability status based upon the IRE. By decision and order dated December 5, 2014, another WCJ granted Employer's petition pursuant to an agreement of the parties.

Following *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017), in which the Pennsylvania Supreme Court declared the IRE provision found in Section 306(a.2) of the Workers' Compensation Act[2] (Act) was an unconstitutional delegation of legislative power, Claimant filed a Reinstatement Petition seeking reinstatement to TTD status as of **August 27, 2012**, the **date of the IRE**.

Following a hearing, the WCJ granted Claimant's Reinstatement Petition but, consistent with this Court's en banc decision in *Whitfield v. Workers' Compensation Appeal Board (Tenet Health System Hahnemann LLC)*, 188 A.3d 599 (Pa. Cmwlth. 2018), reinstated Claimant to TTD status as of **November 26, 2019**, **the date Claimant filed his Reinstatement Petition**. (WCJ Decision, Conclusion of Law ¶ 3.) Claimant appealed to the Board, arguing that he should have been reinstated as of the date of the IRE. The Board affirmed, and Claimant filed a timely Petition for Review with this Court.

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of June 24, 1996, P.L. 350, 77 P.S. § 511.2, repealed by the Act of October 24, 2018, P.L. 714, No. 111.

2

Before this Court,[3] Claimant argues, as he did before the WCJ and Board, that because the Supreme Court held Section 306(a.2) of the Act was unconstitutional and the IRE was performed pursuant to that section, his disability status should be reinstated as of the date of the IRE. Claimant argues he has a substantive, vested right in TTD, which is protected by the Remedies Clause of article I, section 11 of the Pennsylvania Constitution, Pa. Const. art. I, § 11.[4] Claimant asserts *Protz* should be given full retroactive effect because the Act is remedial in nature. Claimant further argues that because *Protz* invalidated Section 306(a.2) in its entirety, the IRE provision is void *ab initio*. Claimant contends that by not reinstating his TTD status as of the date of the IRE, the Court is allowing enforcement of a provision declared unconstitutional, which is "unfair and unjust." (Claimant's Br. at 19.) Claimant argues that even if it would be burdensome to give *Protz* full retroactive effect, the Court should do so, citing *Miller v. Alabama*, 567 U.S. 460 (2012), and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), in which the United States Supreme Court declared sentencing a juvenile to life in prison without the possibility of parole violated the prohibition against cruel and unusual punishment, which was given full retroactive effect. In addition, Claimant argues *Protz* established a new rule of law, which under *Blackwell v. State Ethics Commission*, 589 A.2d 1094 (Pa. 1991),

---

[3] Our review is limited to determining whether constitutional rights were violated, whether errors of law were committed, or whether necessary findings of fact are supported by substantial evidence. *Universal Am-Can, Ltd. v. Workers' Comp. Appeal Bd. (Minteer)*, 762 A.2d 328, 331 n.2 (Pa. 2000).

[4] The Remedies Clause provides, in relevant part:

> All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. . . .

Pa. Const. art. I, § 11.

3

should be applied retroactively. Alternatively, Claimant argues that even if *Protz* did not establish a new rule of law, it is still void *ab intitio*.

Employer responds that the Board's decision is consistent with *Whitfield* and other precedent. According to Employer, only if Claimant had been actively challenging the IRE determination at the time *Protz* was decided would he be entitled to full retroactive effect, consistent with this Court's decision in *Dana Holding Corporation v. Workers' Compensation Appeal Board (Smuck)*, 195 A.3d 635 (Pa. Cmwlth. 2018), *aff'd*, 232 A.3d 629 (Pa. 2020). Because Claimant did not challenge the original change in disability status, Employer argues the Court should affirm the Board's Order.

Since *Protz* was decided, numerous claimants, employers, and insurers have been testing its limitations and, understandably so, as the failure to do so may have consequences. *Dana Holding* is the perfect example of such a consequence. Because the claimant there was actively litigating the IRE at the time *Protz* was decided, that claimant's disability status was reinstated as of the date of the IRE. *Dana Holding*, 195 A.3d at 646. However, in *Whitfield*, the Court held that claimants who file a reinstatement petition to have their disability status reinstated to TTD following *Protz* are only entitled to reinstatement as of the date of filing the reinstatement petition. *Whitfield*, 188 A.3d at 616. Claimant falls into the latter category and his date of reinstatement is controlled by *Whitfield*.

Claimant makes numerous arguments as to why he should be reinstated as of the date of the IRE, but those arguments are not novel and have been previously rejected by this Court. In *Weidenhammer v. Workers' Compensation Appeal Board (Albright College)*, the Court rejected the claimant's void *ab initio* and new rule of law arguments, stating "it does not follow that the Pennsylvania Supreme Court

4

intended its ruling in *Protz* [] to be given a fully retroactive effect . . . ." 232 A.3d 986, 994 (Pa. Cmwlth. 2020). *See also George v. City of Phila. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 23 C.D. 2022, filed Oct. 11, 2022), slip op. at 9-10; *Ellison v. Se. Pa. Transp. Auth. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 1080 C.D. 2020, filed Aug. 20, 2021), slip op. at 9-10, *petition for allowance of appeal denied*, 268 A.3d 381 (Pa. 2021).[5] Claimant's vested rights argument under the Remedies Clause was rejected by the Court in *DiPaolo v. UPMC Magee Women's Hospital (Workers' Compensation Appeal Board)*, 278 A.3d 430, 435 (Pa. Cmwlth. 2022), *petition for allowance of appeal denied* (Pa., No. 191 WAL 2022, filed Jan. 3, 2023), and *Pierson v. Workers' Compensation Appeal Board (Consol Pennsylvania Coal Company LLC)*, 252 A.3d 1169 (Pa. Cmwlth.), *petition for allowance of appeal denied*, 261 A.3d 378 (Pa. 2021).

In summary, the Court has repeatedly declined to give full retroactive effect to *Protz* in circumstances, such as this, where the claimant was not actively litigating the change in their disability status at the time *Protz* was decided. Consistent with this precedent, Claimant's disability status was properly reinstated to TTD as of the date he filed his Reinstatement Petition. Accordingly, we affirm the Board's Order.

**RENÉE COHN JUBELIRER,** President Judge

---

[5] Unreported panel decisions of this Court may be cited for their persuasive value pursuant to Rule 126(b)(1) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P 126(b)(1), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles McCloud,                               :
                          Petitioner           :
                                               :
              v.                               :     No.  8 C.D. 2022
                                               :
City of Philadelphia (Workers'                 :
Compensation Appeal Board),                    :
                          Respondent           :

# **O R D E R**

    **NOW**, March 29, 2023, the Order of the Workers' Compensation Appeal Board, dated December 8, 2021, is **AFFIRMED.**

_____
**RENÉE COHN JUBELIRER,** President Judge