J-S33009-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| THOMAS CLAYTON CZONSTKA | : | |
| | : | |
| Appellant | : | No. 586 EDA 2025 |

Appeal from the Judgment of Sentence Entered January 22, 2025
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0000854-2023

BEFORE:  BOWES, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY BOWES, J.:  **FILED OCTOBER 20, 2025**

Thomas Clayton Czonstka appeals from the sentence of twelve months less one day to twenty-four months less one day for driving under the influence of a controlled substance ("DUI").  We vacate and remand for resentencing.

Based on our disposition, we need not summarize the background of this matter in detail.  It suffices to recount that on July 11, 2024, Appellant pled guilty to one count of DUI, listed on the criminal information as a third offense in the past ten years.  The trial court thereafter sentenced him as indicated hereinabove, specifically designating this as a third DUI conviction and grading the violation as a felony of the third degree.  This timely appeal

followed,[1] and Appellant complied with the court's directive to file a statement of errors pursuant to Pa.R.A.P. 1925(b).

In his concise statement, Appellant challenged the legality of his sentence insofar as the trial court considered his 2016 acceptance of Accelerated Rehabilitative Disposition ("ARD") as a prior offense, which was statutorily permitted pursuant to 75 Pa.C.S. § 3806(a)(1).[2] The trial court authored an opinion concluding that the sentence was legal pursuant to then-binding caselaw, namely **Commonwealth v. Moroz**, 284 A.3d 227 (Pa.Super. 2022) (*en banc*), wherein this Court upheld the constitutionality of § 3806.

Appellant presents a single issue on appeal:

1. Whether the [trial] court erred and gave Appellant an illegal sentence because in light of **Alleyne v. United States**, 570 U.S. 99 (2013), it is unconstitutional to consider an acceptance of ARD as a prior offense for sentencing purposes without the procedural protections afforded by **Alleyne**, *i.e.*, "a prior offense can only be determined by a jury by proof beyond a reasonable doubt"?

Appellant's brief at 4 (cleaned up).

_____

[1] Appellant's *pro se* notice was not docketed until thirty-four days from when the judgment of sentence was imposed. However, the envelope containing the notice was post-marked five days prior, and therefore was timely pursuant to the prisoner mailbox rule. **See Commonwealth v. Kennedy**, 266 A.3d 1128, 1132 n.8 (Pa.Super. 2021) ("The prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." (citation omitted)).

[2] In relevant part, this section states: "[T]he term 'prior offense' as used in this chapter shall mean . . . acceptance of [ARD] or other form of preliminary disposition before the sentencing on the present violation for" any offense relating to DUI. **See** 75 Pa.C.S. § 3806(a).

While this appeal was pending, but prior to submission of briefs, our High Court decided **Commonwealth v. Shifflett**, 335 A.3d 1158 (Pa. 2025). There, the Court implicitly abrogated **Moroz**, holding that § 3806(a)(1) "is facially unconstitutional to the extent it allows a previous acceptance of ARD to be used as the basis for an enhanced sentence under [§] 3804[, concerning penalties for DUI]." **Shifflett**, 335 A.3d at 1178. In reliance thereon, Appellant contends that the court illegally sentenced him to a third-offense DUI because the court included a prior acceptance of ARD in that determination. Appellant therefore maintains that he is entitled to be resentenced. **See** Appellant's brief at 8-12.

We agree. **Shifflett** makes it clear that courts may not consider a defendant's acceptance of ARD as a prior offense with respect to the enhancement of a sentence for DUI. Here, the trial court plainly factored Appellant's prior ARD in sentencing Appellant as a third-time violator, grading the offense as a third-degree felony. **See** N.T. Sentencing, 1/21/25, at 13 ("I mean there is a minimum sentence that's required to be imposed because this is a third offense, and it is a felony of the third degree.").

However, that does not end our inquiry. In its brief, the Commonwealth acknowledges the decision in **Shifflett**, yet contends that Appellant is not entitled to relief for several reasons. First, it argues that the holding should not apply retroactively to Appellant because it "ought not to be considered a 'new rule.'" Commonwealth's brief at 12. More specifically, the Commonwealth asserts that that the decision does not satisfy the tripartite

standard applicable to retroactive rules articulated in **Blackwell v. Com., State Ethics Com'n**, 589 A.2d 1094 (Pa. 1991).[3]

We reject this stance since it plainly misconstrues our High Court's holding in **Shifflett**. The Supreme Court did not articulate a "new rule" or principle of law, either substantive or procedural, for consideration by the courts moving forward. Rather, as indicated, it found § 3806(a)(1) facially unconstitutional such that under no circumstances may a court consider a defendant's acceptance of ARD as a prior offense when imposing a DUI sentence. We are duty-bound to apply this precedent in the context of an attack on the legality of a sentence. **See**, **e.g.**, **Commonwealth v. Hill**, 238 A.3d 399, 407 (Pa.Super. 2020) ("Stated succinctly, an appellate court can address an appellant's challenge to the legality of his sentence even if that issue was not preserved in the trial court; indeed, an appellate court may raise and address such an issue *sua sponte*." (citation omitted)); **Commonwealth v. Chesney**, 196 A.3d 253, 257 (Pa.Super. 2018) ("Pennsylvania appellate courts apply the law in effect at the time of the appellate decision." (citation omitted)).

Next, the Commonwealth argues that it is appropriate to apply the harmless error doctrine in challenges arising from **Alleyne**, like Appellant's,

---

[3] Our Supreme Court provided the following three components to be weighed as to whether a newly articulated rule should apply retroactively: "(1) the purpose to be served by the new rule, (2) the extent of the reliance on the old rule, and (3) the effect on the administration of justice by the retroactive application of the new rule." **Blackwell**, 589 A.2d at 1099.

and that doing so here warrants affirmance. *See* Commonwealth's brief at 18-26. It asserts that Appellant made a knowing and voluntary plea to a third-offense DUI and that the improper factor considered by the trial court, Appellant's prior acceptance of ARD, is "a matter of court record" and is "self-authenticating." *Id*. at 23. The Commonwealth further avers that Appellant "received all of the benefit of the constitutional right announced in *Alleyne*." *Id*. at 24.

In his reply brief, Appellant contends that the error here was not harmless because his sentence was based upon application of an unconstitutional statute. *See* Appellant's reply brief at 5-9. He maintains that "a violation inherent in the application of a sentencing statute that is unconstitutional on its own non-severable terms" is not harmless error. *Id*. at 5 (citing *Commonwealth v. Wolfe*, 140 A.3d 651, 661–62 (Pa. 2016)). Appellant also believes that the fact that he pled guilty to a third offense DUI is irrelevant, since a defendant cannot agree to an illegal sentence. *Id*. at 7-8.

Upon review, we find the Commonwealth's position untenable. To begin, it has not persuaded us that harmless error would apply in this situation wherein the sentencing statute was determined to be facially unconstitutional. *Compare Wolfe*, 140 A.3d 651, 662 (holding harmless error is inapplicable where "the underlying sentencing statute was itself found to be invalid and non-severable"), *with Commonwealth v. Cruz,* 320 A.3d 1257, 1268 n.9

(Pa.Super. 2024) (*en banc*) (holding that harmless error analysis pertains to *Alleyne* violations involving application of valid sentencing statutes).

Assuming, *arguendo*, that the doctrine so applies, we cannot conclude that the trial court's error in this case was harmless. As noted, the trial court manifestly relied upon Appellant's prior ARD acceptance in determining that the underlying conviction constituted a third DUI within ten years and was, therefore, graded as a third-degree felony. Although the court did not impose a statutory maximum sentence, it was still required to apply the elevated mandatory minimums related to third-time DUI offenders. Moreover, whether Appellant's prior acceptance was a "matter of court record" is irrelevant in light of the High Court's pronouncement that § 3806(a)(1) is facially unconstitutional. **See**, **e.g.**, **Shifflett**, 335 A.3d at 1176 (expressly rejecting the dissent's position that § 3806(a) was not unconstitutional because the Commonwealth could prove acceptance of prior ARD beyond a reasonable doubt at trial, thereby satisfying **Alleyne**).

Finally, the Commonwealth makes an alternative, single-paragraph request that the case be remanded for resentencing without regard to the § 3804(a) mandatory minimum penalties. **See** Commonwealth's brief at 26-27. Stated another way, the Commonwealth seeks for us to direct the trial court to impose the same sentence on remand, since it falls within the range of viable sentences for a second-offense DUI.

This we will not do. As already discussed, the trial court patently factored Appellant's prior ARD acceptance in its decision to impose the

sentence at issue. The **Shifflett** decision now requires that Appellant be resentenced to an offense with a lower criminal grading and without regard to information that the trial court previously considered, *i.e.*, Appellant's previous ARD acceptance within the past ten years. It is not clear how, if at all, this new decision would impact the trial court's sentencing scheme. Hence, it is for the sentencing judge, not this Court, to craft a new sentence for Appellant in light of the changes in the law. **See**, **e.g.**, **Commonwealth v. Lekka**, 210 A.3d 343, 358-59 (Pa.Super. 2019) (noting that if this Court determines that a sentence must be corrected, it is "the better practice to remand" if the correction "may upset the sentencing scheme envisioned by the sentencing court" (cleaned up)).

In sum, **Shifflett** dictates that we vacate Appellant's sentence pursuant and remand for resentencing.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/20/2025